**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LISA PEATRY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>Defendant. | )<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>) |

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that Defendant Bimbo Bakeries USA, Inc. ("Bimbo"), by its undersigned attorneys, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes to the United States District Court for the Northern District of Illinois, Eastern Division, the action captioned *Lisa Peatry v. Bimbo Bakeries USA, Inc.* currently pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, as Case No. 2019-CH-03945. In support of removal, Bimbo states as follows:

1. On March 26, 2019, Plaintiff Lisa Peatry ("Plaintiff") filed a putative Class Action Complaint alleging that Bimbo violated Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, by using a biometric time-keeping system that required Plaintiff and other hourly paid employees to clock in and out of each shift by scanning their fingerprints in the time-keeping system. (Compl. ¶¶ 2, 30–31, 41, 43.) (A copy of the Complaint and Summons served on Bimbo is attached hereto as **Exhibit A**.)

2. Bimbo was served on April 2, 2019. (*Id.*) Removal is timely because this notice is filed within 30 days of service of the Complaint and Summons. *See* 28 U.S.C. § 1446(b)(1).

3. Removal to this Court is proper because the United States District Court for the Northern District of Illinois, Eastern Division is the District Court of the United States for the

district and division embracing the Circuit Court of Cook County, Illinois. 28 U.S.C. § 93(a)(1).

4. In her Complaint, Plaintiff alleges (but Bimbo does not concede) that Bimbo: failed to institute, maintain, and adhere to a publicly-available retention schedule regarding the deletion of biometric identifiers and biometric information (collectively, "biometrics"), (Compl. ¶¶ 69–76); failed to obtain informed written consent before obtaining biometrics from employees, (*id.* ¶¶ 78–86); and disclosed biometrics to third parties without obtaining consent from employees. (*Id.* ¶¶ 88–95.) Plaintiff claims that the alleged collection of her biometrics is "a gross violation of her right to privacy," that she "suffered an informational injury," and that she "would not have agreed to work for [Bimbo] for the compensation she received if she had known that [Bimbo] would retain her biometric data indefinitely." (*Id.* ¶¶ 49–51.)

5. Plaintiff seeks to represent a putative class defined as follows: "[a]ll individuals working for Bimbo [] in the State of Illinois who had their fingerprints collected, captured, received, obtained, maintained, stored or disclosed by [Bimbo] during the applicable statutory period." (*Id.* ¶ 58.)

6. On behalf of herself and the putative class, Plaintiff seeks: (1) injunctive relief in the form of an order "requiring [Bimbo] to comply with BIPA's requirements for the collection, storage, and use" of biometrics; (2) "statutory damages of $5,000 for each willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1)"; and (3) "reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3)." (*Id.* ¶¶ 76, 86, 95.)

7. This putative class action is subject to this Court's jurisdiction: (1) under 28 U.S.C. § 1332(a), because complete diversity exists and the amount in controversy for the named plaintiff's

claims exceeds $75,000; and (2) under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because minimal diversity exists and the amount in controversy exceeds $5,000,000.

## I. Removal Is Proper Under Diversity Jurisdiction.

8. This Court has complete diversity jurisdiction under 28 U.S.C. § 1332(a), which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States . . . ."

9. Complete diversity exists between Plaintiff (an Illinois citizen) and Bimbo (a Delaware corporation with its principal place of business in Pennsylvania). (Compl. ¶¶ 1, 12–13.) (*See also* **Exhibit B**, Decl. of John Douglas, ¶¶ 3–4.)

10. Based on the Complaint's allegations, the amount in controversy exceeds $75,000. When analyzing the amount in controversy in a class action under 28 U.S.C. § 1332(a), "at least one named plaintiff must satisfy the jurisdictional amount." *Clement v. Lau*, No. 03 C 6179, 2003 WL 22948671, at *2 (N.D. Ill. Dec. 10, 2003). In other words, "the individual claims of class members cannot be aggregated to meet the jurisdictional amount, and instead each class member is required to have a jurisdictionally-sufficient claim." *Id.*; *see also In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997).

11. Plaintiff alleges that Bimbo's BIPA violations were "intentional or reckless," thereby seeking a statutory penalty of up to $5,000 for each "violation." (Compl. at p. 21.) The amount in controversy exceeds $75,000 because Plaintiff alleges that each time she clocked into and out of work using her "fingerprint" over her 30-month period of employment constituted an independent "violation." (*Id.* ¶¶ 40–41, 43.) Based on this approach,[1] even the most conservative

---

[1] Bimbo does not concede that this is a proper measure of damages under BIPA, merely that Plaintiff includes this allegation in the Complaint.

3

estimate would have Plaintiff clocking in and out far in excess of the 16 times necessary to exceed the jurisdictional amount-in-controversy threshold (*i.e.*, 16 x $5,000 = $80,000) over her 30 months of employment.

## II. Removal Is Proper Under The Class Action Fairness Act (CAFA).

12. Alternatively, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d). CAFA amended 28 U.S.C. § 1332 to grant U.S. district courts original jurisdiction over "any civil action" in which: (a) the aggregate number of members in the proposed class is 100 or more; (b) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (c) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B).

### A. This Matter is a "Class Action" Under CAFA.

13. Plaintiff purports to represent a "class" of individuals pursuant to 735 ILCS 5/2-801 *et seq.* (*See* Compl. ¶¶ 56-62.) Therefore, this action is properly considered a "class action" under CAFA. *See* 28 U.S.C. § 1332(d)(1)(B).

14. The putative class action described in the Complaint satisfies the requirements of CAFA. While the precise number of individuals in the class cannot be determined until discovery, the aggregate putative class size according to Plaintiff's allegations is, at a minimum, 300 members. (Ex. B ¶ 7.)

### B. The Minimal Diversity Requirement is Met.

15. Plaintiff is a "natural person and a citizen of the State of Illinois." (Compl. ¶ 12.)

16. A corporation is "a citizen of every [s]tate . . . by which it has been incorporated and of the [s]tate . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Bimbo is a "Delaware corporation" with its "principal places of business located at 255 Business Center Drive, Horsham, Pennsylvania 19044." (Compl. ¶¶ 1, 13.) (*See also* Ex. B ¶¶ 3–4.)

4

17. Therefore, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A). *See e.g.*, *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965-66 (7th Cir. 2016) (minimal diversity existed under CAFA when the class representatives were citizens of Illinois and the defendant was a Delaware corporation with its principal place of business in Arizona).

### C. The "Matter in Controversy" Aggregated Across All of the Class Members' Claims Meets the CAFA Threshold.

18. The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA expressly requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

19. Bimbo's burden to demonstrate the amount in controversy is low and need show only that there is "a reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (citation omitted).

20. Bimbo denies the validity and merit of Plaintiff's claims, the legal theories upon which they are based, and that Plaintiff is entitled to any alleged claims for monetary and other relief. Solely for purposes of removal, however, and without conceding that Plaintiff or the putative class are entitled to damages, the aggregated claims of the putative class establishes, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

21. Plaintiff alleges "intentional or reckless" violations of BIPA, (Compl. at p. 21), which carry statutory damages of $5,000 "per violation." *See* 740 ILCS 14/20. Plaintiff also

5

alleges at least three separate BIPA "violations" in Counts I–III, and that a separate BIPA "violation" occurred "each time she clocked in for work and clocked out of work." (Compl. ¶ 43.) Thus, based purely on the Complaint's allegations (which Bimbo denies), if each class member is entitled to recover for only two days of work (two times clocking in and two time clocking out)[2] which is four "violations," recovery of greater than the $5,000,000 jurisdictional threshold is not "legally impossible" (*i.e.*, 300 class members x $5,000 statutory damages x 4 violations = $6,000,000). *See Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008).

### III. Article III Standing Exists In This Court.

22. This case can proceed before this Court under Article III of the U.S. Constitution because Plaintiff specifically alleges that Bimbo disclosed her biometrics to third parties without her consent. (*Id.* ¶¶ 32, 52, 54, 88–95.); *see, e.g.*, *Dixon v. Washington & Jane Smith Cmty.-Beverly*, No. 17 C 8033, 2018 WL 2445292, at *9 (N.D. Ill. May 31, 2018) ("The allegation that [defendant] disclosed [plaintiff's] fingerprint data to [a third party] without informing her distinguishes this case from others in which alleged violations of BIPA were determined insufficiently concrete to constitute an injury in fact for standing purposes.").

23. Even absent this allegation, Article III standing likely exists based on the January 25, 2019 decision in *Rosenbach v. Six Flags Entertainment Corp.*, where the Illinois Supreme Court held that a BIPA violation is not merely "technical" in nature:

> When a private entity fails to adhere to the statutory procedures, as defendants are alleged to have done here, the right of the individual to maintain his or her biometric privacy vanishes into thin air. The precise harm the Illinois legislature sought to prevent is then realized. This is no mere technicality. ***The injury is real and significant***.

2019 IL 123186, ¶ 34 (internal quotation marks and citations omitted) (emphasis added); *see also,*

---

[2] Bimbo includes this amount in controversy based solely on the Complaint's allegations and does not concede Plaintiff's allegations are correct.

6

*e.g.*, *Lucas v. Jos. A. Bank Clothiers*, No. 14–CV–1631–LAB (JLB), 2015 WL 2213169, at *5 (S.D. Cal. May 11, 2015) ("Where state-created interests are at issue, federal courts look to state law to define the 'injury' a plaintiff may assert to meet Article III requirements.").

24. Pursuant to 28 U.S.C. § 1446(d), Bimbo will promptly provide written notice of removal of this action to Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

25. Bimbo submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding either the Complaint's allegations or that Plaintiff pled claims upon which relief can be granted.

Dated: May 1, 2019                                    Respectfully submitted,

                                             **BIMBO BAKERIES USA, INC.**

                                     By: */s/ Elizabeth B. Herrington*
                                              Elizabeth B. Herrington
                                              Alex D. Berger
                                              Tyler Z. Zmick
                                              MORGAN, LEWIS & BOCKIUS LLP
                                              77 West Wacker Dr.
                                              Chicago, IL 60601-5094
                                              Tel. 312.324.1445
                                              Fax 312.324.1001
                                              Beth.Herrington@morganlewis.com
                                              Alex.Berger@morganlewis.com
                                              Tyler.Zmick@morganlewis.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May, 2019, I caused a copy of the foregoing Notice of Removal to be filed through the Court's CM/ECF System, and served the below Counsel of Record via First Class U.S. Mail:

Ryan F. Stephan
James B. Zouras
Catherine T. Mitchell
STEPHAN ZOURAS, LLP
101 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
Tel. 312.233.1550
Fax 312.233.1560
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com

*Attorneys for Plaintiff*

                                                /s/ Elizabeth B. Herrington
                                                Elizabeth B. Herrington