# EXHIBIT A

**Capitol Corporate Services, Inc.**
PO Box 1831
Austin, TX 78767
Phone: (800) 345-4647  Fax: (800) 432-3622
rassop@capitolservices.com

# Service Of Process Transmittal Notice

| | | |
|---|---|---|
| LINDA SCHEUERER<br>BIMBO BAKERIES USA-LEGAL DEPT.<br>255 BUSINESS CTR DR<br>HORSHAM PENNSYLVANIA 19044 | **Date Processed:** | 04/02/2019 |
| | **Completed By:** | MIRIAM STOKES |
| | **Delivery Method to Client:** | FEDEX 2 DAY LETTER |
| | **Tracking Number:** | 467169089446 |

Enclosed please find legal documents received on behalf of the client named below. These documents are being forwarded in accordance with your instructions.

| **Date / Time Received**<br>04/02/2019  2:30 PM in ILLINOIS | **Transmittal #**<br>IL-165189 | **Delivered to Agent by**<br>DEPUTY SHERIFF |
|---|---|---|
| **With Regard to Client**<br>BIMBO BAKERIES USA, INC. | | |
| **Title of Case or Action**<br>LISA PEATRY V. BIMBO BAKERIES USA, INC. | | |

| **Case Number**<br>2019CH03945 | **Type of Document Served**<br>CITATION/SUMMONS |
|---|---|
| **Court Name**<br>CIRCUIT COURT OF COOK COUNTY, CHICAGO IL | |

| **Note** |
|---|
| |

1-165189O

Return Date: No return date scheduled
Hearing Date: 7/25/2019 10:00 AM - 10:00 AM
Courtroom Number: 2410
Location: District 1 Court
       Cook County, IL

FILED
3/27/2019 10:49 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH03945

*FILED DATE: 3/27/2019 10:49 AM 2019CH03945*

| | |
|---|---|
| **2120 - Served** | **2121 - Served** |
| **2220 - Not Served** | **2221 - Not Served** |
| **2320 - Served By Mail** | **2321 - Served By Mail** |
| **2420 - Served By Publication** | **2421 - Served By Publication** |
| **Summons - Alias Summons** | **(08/01/18) CCG 0001 A** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Lisa Peatry

(Name all parties)

v.

Bimbo Bakeries USA, Inc.

Case No.    2019-CH-03945

Bimbo Bakeries USA, Inc.
R/A Capitol Corporate Services
1315 W. Lawrence Ave.
Springfield, IL 62704

☑ **SUMMONS**    ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Summons - Alias Summons (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 43734

Atty Name: Ryan F. Stephan (Stephan Zouras)

Atty. for: Lisa Peatry

Address: 100 N. Riverside Plaza, Suite 2150

City: Chicago

State: IL    Zip: 60606

Telephone: 312-233-1550

Primary Email: rstephan@stephanzouras.com

Witness: _____

3/27/2019 10:49 AM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 2 of 3

FILED DATE: 3/27/2019 10:49 AM  2019CH03945

FILED DATE: 3/27/2019 10:49 AM   2019CH03945

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

**Daley Center Divisions/Departments**

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

**12-Person Jury**

Return Date: No return date scheduled
Hearing Date: 7/25/2019 10:00 AM - 10:00 AM
Courtroom Number: 2410
Location: District 1 Court
        Cook County, IL

FILED
3/26/2019 4:40 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH03945

FILED DATE: 3/26/2019 4:40 PM  2019CH03945

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| LISA PEATRY, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) )      2019CH03945 |
| v. | )   Case No. ) |
| BIMBO BAKERIES USA, INC., | ) )   JURY TRIAL DEMANDED |
| Defendant. | ) ) |

### CLASS ACTION COMPLAINT

Plaintiff Lisa Peatry ("Plaintiff" or "Peatry") individually and on behalf of all others similarly situated (the "Class"), by and through her attorneys, brings the following Class Action Complaint ("Complaint") pursuant to the Illinois Code of Civil Procedure, 735 ILCS §§ 5/2-801 and 2-802, against Bimbo Bakeries USA, Inc., ("Bimbo Bakeries" or "Defendant"), their subsidiaries and affiliates, to redress and curtail Defendant's unlawful collection, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric data. Plaintiff alleges as follows upon personal knowledge as to herself, her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1.     Defendant Bimbo Bakeries is a corporation organized and existing under the laws of Delaware, with a principal place of business located at 255 Business Center Drive, Horsham, Pennsylvania 19044. Bimbo Bakeries is a bakery product manufacturing company.

FILED DATE: 3/26/2019 4:40 PM   2019CH03945

2.      When Defendant hires an employee, including Plaintiff, he or she is enrolled in their employee database using a scan of his or her fingerprint to monitor the time worked by their hourly employees.

3.      While many employers use conventional methods for time tracking (such as ID badge or punch clocks), Defendant's employees are required to have their fingerprints scanned by a biometric timekeeping device.

4.      Biometrics are not relegated to esoteric corners of commerce. Many businesses – such as Defendant – and financial institutions have incorporated biometric applications into their workplace in the form of biometric timeclocks or authenticators, and into consumer products, including such ubiquitous consumer products as checking accounts and cell phones.

5.      Unlike ID badges or time cards– which can be changed or replaced if stolen or compromised – fingerprints are unique, permanent biometric identifiers associated with each employee. This exposes Defendant's employees to serious and irreversible privacy risks. For example, if a database containing fingerprints or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed – like in the recent Yahoo, eBay, Google, Equifax, Uber, Home Depot, Panera, Whole Foods, Chipotle, Trump Hotels, Facebook/Cambridge Analytica, and Marriott data breaches or misuses – employees have _**no**_ means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

6.      In 2015, a data breach at the United States Office of Personnel Management exposed the personal identification information, including biometric data, of over 21.5 million federal employees, contractors, and job applicants. U.S. Off. of Personnel Mgmt., *Cybersecurity Incidents* (2018), *available at* www.opm.gov/cybersecurity/cybersecurity-incidents.

2

FILED DATE: 3/26/2019 4:40 PM    2019CH03945

7.      An illegal market already exists for biometric data. Hackers and identity thieves have targeted Aadhaar, the largest biometric database in the world, which contains the personal and biometric data – including fingerprints, iris scans, and a facial photograph – of over a billion Indian citizens. *See* Vidhi Doshi, *A Security Breach in India Has Left a Billion People at Risk of Identity Theft*, The Washington Post (Jan. 4, 2018), *available at* https://www.washingtonpost.com/news/worldviews/wp/2018/01/04/a-security-breach-in-india-has-left-a-billion-people-at-risk-of-identity-theft/?utm_term=.b3c70259fl38.

8.      In January 2018, an Indian newspaper reported that the information housed in Aadhaar was available for purchase for less than $8 and in as little as 10 minutes. Rachna Khaira, *Rs 500, 10 Minutes, and You Have Access to Billion Aadhaar Details*, The Tribune (Jan. 4, 2018), *available at* http://www.tribuneindia.com/news/nation/rs-500-10-minutes-and-you-have-access-to-billion-aadhaar-details/523361.html.

9.      Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, specifically to regulate companies that collect, store and use Illinois citizens' biometrics, such as fingerprints.

10.     Notwithstanding the clear and unequivocal requirements of the law, Defendant disregards their employees' statutorily protected privacy rights and unlawfully collects, stores, disseminates, and uses employees' biometric data in violation of BIPA. Specifically, Defendant has violated and continues to violate BIPA because they did not and continue not to:

    a.  Properly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by BIPA;

    b.  Receive a written release from Plaintiff and others similarly situated to collect, store, or otherwise use their fingerprints, as required by BIPA;

FILED DATE: 3/26/2019 4:40 PM 2019CH03945

    c.   Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' fingerprints, as required by BIPA; and

    d.   Obtain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their fingerprints to a third party as required by BIPA.

11.    Accordingly, Plaintiffs seek an Order: (1) declaring that Defendant's conduct violates BIPA; (2) requiring Defendant to cease the unlawful activities discussed herein; and (3) awarding liquidated damages to Plaintiff and the proposed Class.

## PARTIES

12.    Plaintiff Lisa Peatry is a natural person and a citizen of the State of Illinois.

13.    Defendant Bimbo Bakeries is a Delaware corporation that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including Cook County.

## JURISDICTION AND VENUE

14.    This Court has jurisdiction over Defendant pursuant to 735 ILCS § 5/2-209 because they conduct business transactions in Illinois, committed statutory violations and tortious acts in Illinois, and are registered to conduct business in Illinois.

15.    Venue is proper in Cook County because Defendant is authorized to conduct business in this State, Defendant conducts business transactions in Cook County, and Defendant committed the statutory violations alleged herein in Cook County and throughout Illinois.

## FACTUAL BACKGROUND

### I.   The Biometric Information Privacy Act

16.    In the early 2000s, major national corporations started using Chicago and other locations in Illinois to test "new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS

FILED DATE: 3/26/2019 4:40 PM   2019CH03945

§ 14/5(c). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing yet unregulated technology. *See* 740 ILCS § 14/5.

17.     In late 2007, a biometrics company called Pay by Touch, which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions, filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records – which, like other unique biometric identifiers, can be linked to people's sensitive financial and personal data – could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who used the company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

18.     Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS § 14/5.

19.     Additionally, to ensure compliance, BIPA provides that, for each violation, the prevailing party may recover $1,000 or actual damages, whichever is greater, for negligent violations and $5,000, or actual damages, whichever is greater, for intentional or reckless violations.  740 ILCS 14/20.

20.     BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things, collect, capture, purchase, receive through trade, or

FILED DATE: 3/26/2019 4:40 PM 2019CH03945

otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

    a. Informs the subject in writing that a biometric identifier or biometric information is being collected, stored and used;

    b. Informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

    c. Receives a written release executed by the subject of the biometric identifier or biometric information.

*See* 740 ILCS § 14/15(b).

21.    BIPA specifically applies to employees who work in the State of Illinois. BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS 14/10.

22.    Biometric identifiers include retina and iris scans, voiceprints, scans of hand and face geometry, and – most importantly here – fingerprints. *See* 740 ILCS § 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *Id.*

23.    BIPA also establishes standards for how companies must handle Illinois citizens' biometric identifiers and biometric information. *See, e.g.,* 740 ILCS § 14/15(c)-(d). For example, BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for such disclosure. *See* 740 ILCS § 14/15(d)(1).

24.    BIPA also prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information (740 ILCS § 14/15(c)) and requires companies to develop and comply with a written policy – made available to the public – establishing a retention

FILED DATE: 3/26/2019 4:40 PM   2019CH03945

schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS § 14/15(a).

25.     The Illinois legislature enacted BIPA due to the increasing use of biometric data in financial and security settings, the general public's hesitation to use biometric information, and – most significantly – the unknown ramifications of biometric technology. Biometrics are biologically unique to the individual and, once compromised, an individual is at heightened risk for identity theft and left without any recourse.

26.     BIPA provides individuals with a private right of action, protecting their right to privacy regarding their biometrics as well as protecting their rights to know the precise nature for which their biometrics are used and how they are being stored and ultimately destroyed.  Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, use, and disseminate biometrics and creates a private right of action for lack of statutory compliance.

27.     Plaintiff, like the Illinois legislature, recognizes how imperative it is to keep biometric information secure. Biometric information, unlike other personal identifiers such as a social security number, cannot be changed or replaced if hacked or stolen.

## II.     Defendant Violates the Biometric Information Privacy Act.

28.     By the time BIPA passed through the Illinois legislature in mid-2008, most companies who had experimented using individuals' biometric data stopped doing so.

FILED DATE: 3/26/2019 4:40 PM   2019CH03945

29.     However, Defendant failed to take note of the shift in Illinois law governing the collection, use and dissemination of biometric data. As a result, Defendant continues to collect, store, use and disseminate individuals' biometric data in violation of BIPA.

30.     Specifically, when employees are hired by Defendants, they are required to have their fingerprints scanned to enroll them in their employee database(s).

31.     Defendant uses and has used employee software supplied by a third party that requires employees to use their fingerprint as a means of authentication. Per the company's policy, all of Defendant's hourly employees are required to use their fingerprints to clock-in and clock-out for attendance.

32.     Upon information and belief, Defendant failed and continues to fail to inform their employees that it discloses or disclosed their fingerprint data to at least one out-of-state third-party vendor, and likely others; fail to inform their employees that it discloses their fingerprint data to other, currently unknown, third parties, which host the biometric data in their data centers; fail to inform their employees of the purposes and duration for which they collect their sensitive biometric data; and fail to obtain written releases from employees before collecting their fingerprints.

33.     Furthermore, Defendant fails to provide employees with a written, publicly available policy identifying their retention schedule and guidelines for permanently destroying employees' fingerprints when the initial purpose for collecting or obtaining their fingerprints is no longer relevant, as required by BIPA.

34.     The Pay by Touch bankruptcy that catalyzed the passage of BIPA highlights why such conduct – where individuals are aware that they are providing a fingerprint but not aware to whom or for what purposes they are doing so – is dangerous. That bankruptcy spurred Illinois

FILED DATE: 3/26/2019 4:40 PM    2019CH03945

citizens and legislators into realizing that it is crucial for individuals to understand when providing biometric identifiers, such as a fingerprint, who exactly is collecting their biometric data, where it will be transmitted and for what purposes, and for how long. Defendant disregards these obligations and Defendant's employees' statutory rights and instead unlawfully collects, stores, uses and disseminates Defendant's employees' biometric identifiers and information, without ever receiving the individual's informed written consent required by BIPA.

35.     Upon information and belief, Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' biometric data and have not and will not destroy Plaintiff's and other similarly-situated individuals' biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with each company.

36.     Defendant's employees are not told what might happen to their biometric data if and when Defendant merges with another company or worse, if and when Defendant's business folds, or when the other third parties that have received their biometric data businesses fold.

37.     Since Defendant neither publishes a BIPA-mandated data-retention policy nor discloses the purposes for their collection and use of biometric data, Bimbo Bakeries' employees have no idea to whom Defendant sells, discloses, re-discloses, or otherwise disseminates their biometric data. Nor are Plaintiff and the putative Class told to whom Defendant currently discloses their biometric data, or what might happen to their biometric data in the event of a merger or a bankruptcy.

38.     These violations have raised a material risk that Plaintiff's and other similarly-situated individuals' biometric data will be unlawfully accessed by third parties.

FILED DATE: 3/26/2019 4:40 PM   2019CH03945

39.    By and through the actions detailed above, Defendant disregards Plaintiff's and other similarly-situated individuals' legal rights in violation of BIPA.

**III.    Plaintiff Lisa Peatry's Experience**

40.    Plaintiff Lisa Peatry worked for Bimbo Bakeries as a Machine Operator from September of 2016 until February of 2019 at a Bimbo Bakeries' facility located at 1540 S 54th Ave, Cicero, IL 60804.

41.    As a condition of employment with Bimbo Bakeries, Plaintiff *was required* to scan her fingerprint so Defendant could use it as an authorization method to track her time. Plaintiff began scanning her fingerprint once she was hired by Bimbo Bakeries in September of 2016.

42.    Defendant subsequently stored Plaintiff's fingerprint data in their employee database(s).

43.    Plaintiff was required to scan her fingerprint each time she clocked in for work and clocked out of work.

44.    Plaintiff has never been informed of the specific limited purposes or length of time for which Defendant collected, stored, used and/or disseminated her biometric data.

45.    Plaintiff has never been informed of any biometric data retention policy developed by Defendant, nor has she ever been informed of whether Bimbo Bakeries will ever permanently delete her biometric data.

46.    Plaintiff has never been provided with nor ever signed a written release allowing Bimbo Bakeries to collect, store, use or disseminate her biometric data.

47.    Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendant's multiple violations of BIPA alleged herein.

FILED DATE: 3/26/2019 4:40 PM   2019CH03945

48.     No amount of time or money can compensate Plaintiff if her biometric data is compromised by the lax procedures through which Defendant captured, stored, used, and disseminated her and other similarly-situated individuals' biometrics. Moreover, Plaintiff would not have provided her biometric data to Defendant if she had known that they would retain such information for an indefinite period of time without her consent.

49.     A showing of actual damages is not necessary in order to state a claim under BIPA. *See Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an "aggrieved" person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act"). Nonetheless, Plaintiff has been aggrieved because she suffered an injury-in-fact based on Defendant's violations of her legal rights. Defendant intentionally interfered with Plaintiff's right to possess and control her own sensitive biometric data. Additionally, Plaintiff suffered an invasion of a legally protected interest when Defendant secured her personal and private biometric data at a time when they had no right to do so, a gross invasion of her right to privacy. BIPA protects employees like Peatry from this precise conduct. Defendant had no lawful right to secure this data or share it with third parties absent a specific legislative license to do so.

50.     Plaintiff's biometric information is economically valuable, and such value will increase as the commercialization of biometrics continues to grow. As such, Plaintiff was not sufficiently compensated by Defendant for its retention and use of her and other similarly-situated employees' biometric data. Plaintiff would not have agreed to work for Defendant for the compensation she received if she had known that Defendant would retain her biometric data indefinitely.

FILED DATE: 3/26/2019 4:40 PM 2019CH03945

51.     Plaintiff also suffered an informational injury because Defendant failed to provide her with information to which she was entitled by statute. Through BIPA, the Illinois legislature has created a right: an employee's right to receive certain information prior to an employer securing their highly personal, private and proprietary biometric data; and an injury – not receiving this extremely critical information.

52.     Plaintiff also suffered an injury in fact because Defendant improperly disseminated her biometric identifiers and/or biometric information to third parties that hosted the biometric data in their data centers, in violation of BIPA.

53.     Pursuant to 740 ILCS 14/15(b), Plaintiff was entitled to receive certain information prior to Defendant securing her biometric data; namely, information advising her of the specific limited purpose(s) and length of time for which Defendant collects, stores, uses and disseminates her private biometric data; information regarding Defendant's biometric retention policy; and, a written release allowing Defendant to collect, store, use, and disseminate her private biometric data. By depriving Plaintiff of this information, Defendant injured her. *Public Citizen v. U.S. Department of Justice*, 491 U.S. 440, 449 (1989); *Federal Election Commission v. Akins*, 524 U.S. 11 (1998).

54.     Plaintiff has plausibly inferred actual and ongoing harm in the form of monetary damages for the value of the collection and retention of her biometric data; in the form of monetary damages by not obtaining additional compensation as a result of being denied access to material information about Defendant's policies and practices; in the form of the unauthorized disclosure of her confidential biometric data to third parties; in the form of interference with her right to control and possess her confidential biometric data; and, in the form of the continuous and ongoing exposure to substantial and irreversible loss of privacy.

12

FILED DATE: 3/26/2019 4:40 PM    2019CH03945

55.    As Plaintiff is not required to allege or prove actual damages in order to state a claim under BIPA, she seeks statutory damages under BIPA as compensation for the injuries caused by Defendant. *Rosenbach*, 2019 IL 123186, ¶ 40.

## CLASS ALLEGATIONS

56.    Pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-801, Plaintiff brings claims on her own behalf and as representatives of all other similarly-situated individuals pursuant to BIPA, 740 ILCS § 14/1, *et seq.*, to recover statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

57.    As discussed *supra*, Section 14/15(b) of BIPA prohibits a company from, among other things, collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's or a customer's biometric identifiers or biometric information, unless it first (1) informs the individual in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the individual in writing of the specific purpose and length of time for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information. 740 ILCS § 14/15.

58.    Plaintiff seeks class certification under the Illinois Code of Civil Procedure, 735 § ILCS 5/2-801 for the following class of similarly-situated individuals under BIPA:

> All individuals working for Bimbo Bakeries in the State of Illinois who had their fingerprints collected, captured, received, obtained, maintained, stored or disclosed by Defendant during the applicable statutory period.

59.    This action is properly maintained as a class action under 735 ILCS § 5/2-801 because:

      A.    The class is so numerous that joinder of all members is impracticable;

      B.    There are questions of law or fact that are common to the class;

13

FILED DATE: 3/26/2019 4:40 PM 2019CH03945

C.   The claims of the Plaintiff are typical of the claims of the class; and,

D.   The Plaintiff will fairly and adequately protect the interests of the class.

## Numerosity

60.   The total number of putative class members exceeds fifty (50) individuals. The exact number of class members can easily be determined from Bimbo Bakeries' payroll records.

## Commonality

61.   There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the Class in that Plaintiff and all members of the Class have been harmed by Defendant's failure to comply with BIPA. The common questions of law and fact include, but are not limited to the following:

A.   Whether Defendant collected, captured or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

B.   Whether Defendant properly informed Plaintiff and the Class of their purposes for collecting, using, storing and disseminating their biometric identifiers or biometric information;

C.   Whether Defendant obtained a written release (as defined in 740 ILCS § 14/10) to collect, use, store and disseminate Plaintiff's and the Class's biometric identifiers or biometric information;

D.   Whether Defendant has disclosed or re-disclosed Plaintiff's and the Class's biometric identifiers or biometric information;

E.   Whether Defendant has sold, leased, traded, or otherwise profited from Plaintiff's and the Class's biometric identifiers or biometric information;

F.   Whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction with the individual, whichever occurs first;

G.   Whether Defendant complies with any such written policy (if one exists);

14

FILED DATE: 3/26/2019 4:40 PM    2019CH03945

H.    Whether Defendant used Plaintiff's and the Class's fingerprints to identify them;

I.    Whether Defendant's violations of BIPA have raised a material risk that Plaintiff's biometric data will be unlawfully accessed by third parties;

J.    Whether the violations of BIPA were committed negligently; and

K.    Whether the violations of BIPA were committed intentionally and/or recklessly.

62.    Plaintiff anticipates that Defendant will raise defenses that are common to the class.

## Adequacy

63.    Plaintiff will fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and class members. Plaintiff, moreover, has retained experienced counsel that are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel.

## Typicality

64.    The claims asserted by Plaintiff are typical of the class members she seeks to represent. Plaintiff has the same interests and suffers from the same unlawful practices as the class members.

65.    Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to 735 ILCS § 5/2-801.

## Predominance and Superiority

66.    The common questions identified above predominate over any individual issues,

15

FILED DATE: 3/26/2019 4:40 PM    2019CH03945

which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

67.    Additionally, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

### FIRST CAUSE OF ACTION
**Violation of 740 ILCS § 14/15(a): Failure to Institute, Maintain and Adhere to Publicly-Available Retention Schedule**

68.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

69.    BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the

16

FILED DATE: 3/26/2019 4:40 PM   2019CH03945

company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 14/15(a).

70.     Defendant fails to comply with these BIPA mandates.

71.     Defendant Bimbo Bakeries is a Delaware corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

72.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by Bimbo Bakeries (in the form of their fingerprints), as explained in detail in Sections II and III, *supra. See* 740 ILCS § 14/10.

73.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

74.     Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 14/15(a).

75.     Upon information and belief, Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data and has not and will not destroy Plaintiff's and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

76.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in

FILED DATE: 3/26/2019 4:40 PM 2019CH03945

the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## SECOND CAUSE OF ACTION
### Violation of 740 ILCS § 14/15(b): Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information

77.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

78.     BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b) (emphasis added).

79.     Defendant fails to comply with these BIPA mandates.

80.     Defendant Bimbo Bakeries is an Illinois corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

81.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by Bimbo Bakeries (in the form of their fingerprints), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

82.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

18

FILED DATE: 3/26/2019 4:40 PM   2019CH03945

83.     Defendant systematically and automatically collected, used, and stored Plaintiff's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

84.     Defendant did not inform Plaintiff in writing that their biometric identifiers and/or biometric information were being collected, stored and used, nor did Defendant inform Plaintiff in writing of the specific purpose and length of term for which her biometric identifiers and/or biometric information were being collected, stored, and used as required by 740 ILCS 14/15(b)(1)-(2).

85.     By collecting, storing, and using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq*.

86.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3)

## THIRD CAUSE OF ACTION
### Violation of 740 ILCS § 14/15(d): Disclosure of Biometric Identifiers and Information Before Obtaining Consent

87.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

19

FILED DATE: 3/26/2019 4:40 PM   2019CH03945

88.     BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosure. *See* 740 ILCS 14/15(d)(1).

89.     Defendant fails to comply with this BIPA mandate.

90.     Defendant Bimbo Bakeries is an Illinois corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

91.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by Bimbo Bakeries (in the form of their fingerprints), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

92.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

93.     Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff's biometric identifiers and/or biometric information without first obtaining the consent required by 740 ILCS 14/15(d)(1).

94.     By disclosing, redisclosing, or otherwise disseminating Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq.*

95.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the

FILED DATE: 3/26/2019 4:40 PM 2019CH03945

alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

## PRAYER FOR RELIEF

Wherefore, Plaintiff Lisa Peatry respectfully requests that this Court enter an Order:

A.      Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Lisa Peatry as Class Representative, and appointing Stephan Zouras, LLP, as Class Counsel;

B.      Declaring that Defendant's actions, as set forth above, violate BIPA;

C.      Awarding statutory damages of $5,000 for *each* reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for *each* negligent violation of BIPA pursuant to 740 ILCS § 14/20(1);

D.      Declaring that Defendant's actions, as set forth above, were intentional or reckless;

E.      Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an Order requiring Defendant to collect, store, use and disseminate biometric identifiers and/or biometric information in compliance with BIPA;

F.      Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3);

G.      Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and,

H.      Awarding such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Date: March 26, 2019                       Respectfully Submitted,

                                            */s/ Ryan F. Stephan*
                                            Ryan F. Stephan
                                            James B. Zouras
                                            Catherine T. Mitchell

FILED DATE: 3/26/2019 4:40 PM    2019CH03945

**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza
Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com
Firm ID: 43734

**ATTORNEYS FOR PLAINTIFF**

22

FILED DATE: 3/26/2019 4:40 PM   2019CH03945

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on March 26, 2019, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

_/s/ Ryan F. Stephan_

23