# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA PEATRY, individually and on behalf of all others similarly situated, | Case No. 1:19-cv-02942 |
| Plaintiff, | Honorable Sara L. Ellis |
| v. | Magistrate Judge M. David Weisman |
| BIMBO BAKERIES USA, INC., | |
| Defendant. | |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Settlement and Release Agreement ("Agreement" or "Settlement Agreement") is entered into by and among Lisa Peatry ("Plaintiff"), both individually and on behalf of the Settlement Class, and Bimbo Bakeries USA, Inc. ("BBUSA" or "Defendant") (collectively with Plaintiff, the "Parties"), in the case *Lisa Peatry v. Bimbo Bakeries USA, Inc.*, Case No. 1:19-cv-02942, currently pending in the United States District Court for the Northern District of Illinois (the "Litigation").

## 1. FACTUAL BACKGROUND AND RECITALS

1.1 On March 26, 2019, Plaintiff filed a putative class action in the Circuit Court of Cook County against Defendant seeking damages and injunctive relief against Defendant for violations of Illinois' Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), by allegedly possessing, collecting, and disclosing biometric identifiers and/or biometric information (collectively, "biometric data") through the use of finger-scan equipped timeclocks without complying with BIPA's requirements. (ECF No. 1-1)

1.2 On May 1, 2019, Defendant removed the matter to federal court. (ECF No. 1)

1.3 On May 29, 2019, Defendant filed a motion to dismiss Plaintiff's class action complaint ("Complaint"). (ECF Nos. 17–18, 34, 37)

1.4 On February 26, 2020, the Court granted in part and denied in part Defendant's motion and dismissed Plaintiff's post-May 8, 2018 claims. (ECF No. 48)

1.5 On June 12, 2020, Defendant filed its answer and affirmative defenses to Plaintiff's Complaint, and the Parties engaged in discovery. (ECF No. 57)

1.6 On December 9, 2020, pursuant to Local Rule 72.1, the Parties were referred to Magistrate Judge M. David Weisman to conduct a settlement conference. (ECF No. 65)

DocuSign Envelope ID: 0CAAF86C-CA88-47A9-A1ED-2E58B12BC5F8

1.7    On July 27, 2021, the Parties participated in a settlement conference with Magistrate Judge Weisman.  (ECF No. 87)

1.8    With the assistance of Magistrate Judge Weisman, the Parties accepted Magistrate Judge Weisman's suggested settlement valuation (ECF No. 88) and hereby wish to resolve all matters pertaining to, arising from, or associated with the pending Litigation, including all BIPA claims Plaintiff and the Settlement Class Members have or may have had against Defendant and any Released Parties, as that term is defined herein.

1.9    The Parties have agreed to settle the Litigation according to the terms and conditions set forth herein with the understanding that the outcome of the Litigation is uncertain and that achieving a final result through litigation would require substantial additional risk, discovery, time and expense.

1.10    Defendant denies all wrongdoing or liability of any kind whatsoever asserted by Plaintiff or Settlement Class Members in this Litigation.  Despite Defendant's belief that it is not liable for the allegations in the Litigation and despite Defendant's viable defenses to those allegations, Defendant desires to settle the Litigation, and thus avoid the expense and burden of continued litigation of any action or proceeding relating to the matters being fully settled and finally put to rest in this Settlement Agreement.  Neither this Settlement Agreement, nor any negotiation or act performed or document created in relation to the Settlement Agreement or negotiation or discussion thereof is, or may be deemed to be, or may be used as, an admission of, or evidence of, any wrongdoing or liability.

1.11    Following the Parties' extensive arms-length negotiations, including a settlement conference before Magistrate Judge Weisman, the Parties now seek to enter into this Settlement Agreement.  Plaintiff and Class Counsel have conducted an investigation into the facts and the law regarding the Litigation and have concluded that a settlement according to the terms set forth below is fair, reasonable, and adequate, and in the best interests of Plaintiff and the Settlement Class recognizing: (1) the existence of complex and contested issues of law and fact; (2) the risks inherent in litigation; (3) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement; (4) the magnitude of the benefits derived from the contemplated settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever; and (5) Plaintiff's determination that the settlement is fair, reasonable, adequate, and will substantially benefit the Settlement Class Members.

1.12    Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests.

1.13    In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Litigation be settled and compromised, and that the Releasing Parties release the Released Parties of the Released Claims, without costs as to the Released Parties, Plaintiff, Class Counsel, or the Settlement Class, except

as explicitly provided for in this Agreement, subject to the approval of the Court, on the following terms and conditions.

## 2.  **DEFINITIONS**

In addition to any definitions set forth elsewhere in this Settlement Agreement, the following terms shall have the meanings set forth below:

2.1  "Administrative Expenses" means expenses associated with the Settlement Administrator, including but not limited to costs in providing notice, communicating with Settlement Class Members, and disbursing payments to the proposed Settlement Class Members.

2.2  "Biometric Timekeeping System" means the time clock and/or timekeeping technology devices, systems, software, and/or hardware used at Defendant's Cicero, Illinois facility during the time period of February 9, 2018 to May 8, 2018 by which a scan of a finger was used for timekeeping purposes, as alleged in the Complaint.

2.3  "Class," "Settlement Class," "Class Member," or "Settlement Class Member" means each member of the settlement class, as defined in Section 3 of this Agreement, who does not timely elect to be excluded from the Settlement Class and includes Plaintiff.

2.4  "Class Counsel" means Ryan F. Stephan and Catherine T. Mitchell of Stephan Zouras, LLP
.
2.5  "Complaint" means the document titled Class Action Complaint filed on March 26, 2019, in the Litigation.  (ECF No. 1-1)

2.6  "Counsel" or "Counsel for the Parties" means both Class Counsel and Defendant's Counsel, collectively.

2.7  "Court" means the Honorable Sara L. Ellis of the United States District Court for the Northern District of Illinois, and her successors, if any, or any other judge who shall have jurisdiction over the Litigation.

2.8  "Defendant" or "BBUSA" means Bimbo Bakeries USA, Inc.

2.9  "Defendant's Counsel" means Elizabeth Herrington and Alex Berger of Morgan, Lewis & Bockius LLP.

2.10  "Effective Date" means the date when the Settlement Agreement becomes Final.

2.11  "Fee Petition" means the motion to be filed by Class Counsel that Defendant will not oppose, in which they will seek approval of an award of attorneys' fees and costs as well as a Service Award for the Class Representative.

2.12  "Fee Award" means the amount of attorneys' fees and reimbursement of costs awarded by the Court to Class Counsel.

DocuSign Envelope ID: 0CAAF86C-CA88-47A9-A1ED-2E58B12BC5E8

2.13    "Final" means the later of (i) if there are no objectors, the date of entry of the Final Approval Order; (ii) if there are one or more objectors, the date upon which the time expires for filing or noticing any appeal of the Final Approval Order; (iii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to any Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Approval Order without any material modification, of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or (iv) the date of final dismissal of any appeal or the final dismissal of any proceeding on appeal with respect to the Final Approval Order.

2.14    "Final Approval Hearing" means the hearing before the Court where Plaintiff will request a judgment to be entered by the Court approving the Settlement Agreement, approving the Fee Award, and approving a Service Award to the Class Representative.

2.15    "Final Approval Order" means the final approval order to be entered by the Court approving the Settlement of the Litigation in accordance with this Settlement Agreement after the Final Approval Hearing and dismissing the Litigation with prejudice.

2.16    "Litigation" means the case captioned *Peatry v. Bimbo Bakeries USA, Inc.*, Case No. 1:19-cv-02942 (N.D. Ill. May 01, 2019).

2.17    "Notice" means the direct notice of this proposed Settlement, which is to be provided substantially in the manner set forth in this Agreement and Exhibit A, consistent with the requirements of Due Process.

2.18    "Notice Date" means the date by which the Notice is disseminated to the Settlement Class, which shall be a date no later than fourteen (14) days after entry of Preliminary Approval.

2.19    "Objection/Exclusion Deadline" means the date by which a written objection to this Settlement Agreement must be postmarked and/or filed with the Court, and the date by which a request for exclusion submitted by a person within the Settlement Class must be postmarked, and which shall be designated as a date approximately forty-two (42) days after the Notice Date, as approved by the Court.

2.20    "Parties" shall mean Plaintiff and Defendant, collectively.

2.21    "Plaintiff" or "Class Representative" means the Named Plaintiff, Lisa Peatry.

2.22    "Preliminary Approval Order" means the Court's order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, approving the form and manner of issuing the Notice and entering the order substantially in the form set forth in this Agreement and in Exhibit B attached hereto.

DocuSign Envelope ID: 0CAAF86C-CA88-47A9-A1ED-2E58B12BC5E8

2.23    "Released Claims" means any and all claims under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, and all claims, including statutory and common law claims, arising out of or relating to Defendant's alleged possession, collection, or disclosure of biometric identifiers and/or biometric information.

2.24    "Released Parties" means Bimbo Bakeries USA, Inc. and each of its respective present and former divisions, members, managers, subsidiaries, parents, predecessors, and/or its or their present and former officers, partners, directors, employees, agents, attorneys, shareholders and/or successors, insurers or reinsurers, employee benefit plans (and the trustees, administrators, fiduciaries, agents, representatives, insurers and reinsurers of such plans), assigns, trustees, heirs, administrators, executors, representatives and/or principals thereof, and all persons or entities acting by, through, under, or in concert with any of them.

Released Parties shall not include any entity that manufactured, sold, or otherwise provided Defendant with any Timekeeping System, or any portion thereof (whether software or hardware), even if such an entity would fall within this definition.

2.25    "Plaintiff Releasing Parties" shall refer, jointly and severally, to Named Plaintiff Lisa Peatry and to each of her predecessors, successors, heirs, beneficiaries, conservators, trustees, executors, administrators, representatives and assigns, and anyone claiming by, through, or on her behalf.

2.26    "Settlement Class Member Releasing Parties" shall refer jointly and severally to Settlement Class Members and their respective predecessors, successors, heirs, beneficiaries, conservators, trustees, executors, administrators, representatives and assigns, and anyone claiming by, through, or on his or her behalf.

2.27    "Settlement Administrator" means, subject to Court approval, Analytics Consulting, LLC, the entity mutually selected and supervised by the Parties to administer the Settlement.

2.28    "Service Award" shall have the meaning ascribed to it as set forth in Section 13 of this Agreement.

2.29    "Settlement Fund" means or refers to the gross settlement fund to be established by Defendant in the total amount of $295,000.00 (Two Hundred Ninety-Five Thousand Dollars). If it is determined that Defendant's estimate that 232 workers utilized a Biometric Timekeeping System at issue in this Litigation is in error, and the number of additional workers exceeds 5% or more of Defendant's estimate, or 11 or more workers, then the amount of the Settlement Fund will increase by $750.00 for each additional worker.

## 3.    SETTLEMENT CLASS CERTIFICATION

3.1    For the purposes of the Settlement only, the Parties stipulate and agree that: (1) the Class shall be certified in accordance with the definition contained in Paragraph 3.3 below; (2) Plaintiff shall represent the Class for settlement purposes and shall be the Class Representative; and (3) Plaintiff's Counsel shall be appointed as Class Counsel.

3.2    Defendant does not consent to certification of the Class for any purpose other than to effectuate the Settlement. If the Court does not enter Final Approval of the Settlement, or if for any other reason final approval of the Settlement does not occur, is successfully objected to, or challenged on appeal, any certification of any Class will be vacated and the Parties will be returned to their positions with respect to the Litigation as if the Agreement had not been entered into.

3.3    Subject to Court approval, the following Settlement Class shall be certified for settlement purposes:

All individuals employed by BBUSA who allegedly had their finger scan data and/or any other biometric identifier and/or information collected, captured, received, stored or otherwise obtained, retained, disseminated, or disclosed by Defendant while working at its Cicero, Illinois facility at any time between February 9, 2018 and May 8, 2018.

3.4    Excluded from the Settlement Class are all persons who timely elect to exclude themselves from the Settlement Class, the Court and staff to whom this case is assigned, and any member of the Court's or staff's immediate family.

3.5    If for any reason the Settlement is not approved, the Court does not enter a Preliminary Approval Order and/or a Final Approval Order, or final settlement and resolution of the Litigation as provided for in this Agreement is not reached, Defendant's agreement to the certification of the Settlement Class shall not be used or cited for any purpose in the Litigation or otherwise, including but not limited to any request for class certification in the Litigation or any other proceeding.

## 4.    **SETTLEMENT FUND**

4.1    Establishment of Settlement Fund

(a)    Within fourteen (14) business days of entry of the Final Approval Order, Defendant shall establish with the Settlement Administrator a Settlement Fund in the amount of $295,000.00 (Two Hundred Ninety-Five Thousand Dollars). The Settlement Fund will be used to satisfy payment of: (i) all Settlement Payments to Settlement Class Members; (ii) the Service Award to the Class Representative ($7,500); (iii) the Fee Award; and (iv) payment of Administrative Expenses.

(b)    All funds provided to the Settlement Administrator under this Agreement shall be maintained by an escrow agent as a Court-approved Qualified Settlement Fund pursuant to Section 1.468B-1, *et seq*., of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended, and shall be deposited in an interest-bearing account.

(c)    If the Settlement Agreement is not finally approved, the Settlement Fund belongs to Defendant less any Administrative Expenses paid to date.

(d)     The amount of any uncashed checks after the expiration date, less any funds necessary for settlement administration, will be distributed to Feeding America or one of its local food banks, a *cy pres* recipient, if approved by the Court. No portion of the $295,000.00 Settlement Fund shall revert to or remain with Defendant, following final approval.

(e)     The Settlement Fund represents the total extent of Defendant's monetary obligations under the Settlement Agreement and the contributions to the Settlement Fund shall be fixed under this Agreement and final. Defendant shall have no obligation to make further payments to the Settlement Fund and shall have no financial responsibility or obligation relating to the Settlement beyond the Settlement Fund.

(f)     The Court may require changes to the method of allocation to Settlement Class Members without invalidating this Settlement Agreement, provided that the other material terms of the Settlement Agreement are not altered, including but not limited to the scope of the Release, the scope of the Settlement Class, and the terms and amount of the Settlement Fund.

4.2     The Settlement Fund shall be allocated on a *pro rata* basis to each Settlement Class Member, including the Class Representative, less Administrative Expenses paid to the Settlement Administrator, a Fee Award to Class Counsel, and a Service Award to the Class Representative.

4.3     Settlement Class Members shall receive their shares of the Settlement Fund without having to submit a claim form or otherwise "opt in" to the Settlement Class.

4.4     The Settlement Administrator shall be responsible for making all reporting and filings with respect to amounts payable to Class Members required pursuant to any federal, state, or local tax law or regulation hereunder. The Settlement Administrator shall also be responsible for filing and sending Form 1099 to any applicable recipient of money from the Settlement Fund.

4.5     Plaintiff and all other Class Members will be solely responsible for all taxes, interest, penalties, or other amounts due with respect to any payment received pursuant to the Settlement.

4.6     Procedure for Approving Settlement

(a)     Promptly after execution of this Settlement Agreement, Plaintiff will file an unopposed motion for an order conditionally certifying the Settlement Class, granting Preliminary Approval of the Settlement, setting a date for the Final Approval Hearing, and approving the form and method of issuing the Settlement Notice (the "Unopposed Motion for Preliminary Approval").

(b)     At the hearing on the Unopposed Motion for Preliminary Approval, the Parties will jointly appear, support the granting of the Unopposed Motion for Preliminary Approval, and submit a proposed order granting conditional certification of the Class and preliminary approval of the Settlement; appointing the Class Representative and Class

Counsel; approving the Settlement Notice to the Settlement Class; and setting the Final Approval Hearing.

(c)     For the purposes of the Settlement and the proceedings contemplated herein only, the Parties stipulate and agree that the Class shall be conditionally certified in accordance with the definition and on the terms contained above, that Plaintiff shall be conditionally appointed Class Representative, and that Plaintiff's Counsel shall be conditionally appointed as Class Counsel. Should the Court decline to preliminarily approve any material aspect of the Settlement Agreement, the Settlement Agreement will be null and void, and the Parties will have no further obligations under the Agreement, and the Parties will revert to their prior positions in the Litigation as if the Settlement had not occurred.

**5.**     **RELEASE**

5.1     **Class Representative's General Release of Claims and Settlement Class Members Release of Claims**

(a)     In consideration of the settlement relief described herein, the Plaintiff Releasing Parties, and each of them, shall have, fully, finally, and forever, released, relinquished and discharged the Released Parties from any and all claims including all actual, potential, filed, unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations of any kind whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, including but not limited to, the Illinois Biometric Information Privacy Act, the Fair Labor Standards Act, Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, Equal Pay Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, Section 1981 of U.S.C. Title 42, the Americans with Disabilities Act, Age Discrimination in Employment Act, Older Workers Benefit Protection Act, the Illinois Human Rights Act, Right to Privacy in the Workplace Act, Illinois Employment Contract Act, Illinois Labor Dispute Act, Illinois Whistleblower Act, Illinois Equal Pay Act, or other federal, state, local, statutory or common law or any other law, including the law of any jurisdiction outside the United States, against the Released Parties from the beginning of the world to the date this Agreement is executed, including but not limited to all claims which were made or which could have been made by the Class Representative in this Action.

(b)     Plaintiff acknowledges she may have claims that are presently unknown based on actions that took place prior to the date she executes this Agreement and that the release of Plaintiff's Released Claims contained in this Settlement Agreement is intended to and will fully, finally, and forever discharge all claims against Defendant and the other Released Parties, whether now asserted or not asserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, which if known, might have affected her decision to enter this release. Plaintiff agrees that, although she may discover facts in addition to or different from those that are currently known or believed to be true with

– 8 –

respect to Plaintiff's Released Claims, it is her intention to fully, finally, and forever settle and release any and all Plaintiff's Released Claims, without regard to the subsequent discovery or existence of such additional or different facts.

(c)     Provided, however, that nothing in this Agreement prohibits Plaintiff from (1) filing a claim or charge with a federal, state, or local administrative agency, or (2) reporting, communicating directly with or providing information, including documents, not otherwise protected from disclosure by any applicable law or privilege, to the Securities and Exchange Commission (the "SEC"), the Occupational Safety and Health Administration ("OSHA"), the Equal Employment Opportunity Commission ("EEOC"), or any other federal, state, or local governmental agency or commission regarding possible legal violations, without disclosure to the Defendant, subject to the condition that once this Agreement becomes effective, Plaintiff may not receive a monetary award in connection with any such charge or complaint that is filed or is filed on Plaintiff's behalf with the EEOC or state or local fair employment agency. Plaintiff affirms and acknowledges that prior to signing this Agreement, she has not filed any discrimination or retaliation claims or charges with any federal, state, or local administrative agency alleging discrimination, harassment, or retaliation arising under federal, state, or local anti-discrimination and anti-retaliation laws, against Defendant.

5.2     Release for Settlement Class Members. Upon the Effective Date, and in consideration of the settlement relief described herein, the Class Member Releasing Parties, and each of them shall be deemed to have released and by operation of the Final Judgment shall have fully finally and forever, released, relinquished and discharged the Released Parties from all actual, potential, filed, unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, relating to the Released Claims, as defined in paragraph 2.23 above.

5.3     In addition to the effect of any final judgment entered in accordance with this Agreement, upon final approval of this Agreement, and for other valuable consideration as described herein, the Released Parties shall be fully, finally, and completely released, acquitted, and forever discharged from any and all Released Claims.

5.4     As of the Effective Date, and with the approval of the Court, all Releasing Parties hereby fully, finally, and forever release, waive, discharge, surrender, forego, give up, abandon, and cancel all Released Claims against the Released Parties. As of the Effective Date, all Releasing Parties will be forever barred and enjoined from prosecuting any action against the Released Parties asserting any and/or all Released Claims.

5.5     Each Releasing Party waives any and all defenses, rights, entitlements, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in this Agreement.

DocuSign Envelope ID: 0CAAF86C-CA88-47A9-A1ED-2E58B12BC5F8

5.6    The Released Parties do not admit any liability or wrongdoing. The Settlement Agreement may not be construed in whole or in part as an admission of fault, liability, or wrongdoing by the Released Parties. The Released Parties agree to this settlement to avoid the burden and expense of litigation without in any way acknowledging any fault, liability, or wrongdoing of any kind.

6.    **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER**

6.1    This Settlement shall be subject to approval of the Court.  As set forth in Section 12, Defendant shall have the right to withdraw from the Settlement if the Court does not approve the material aspects of the Settlement Agreement.

6.2    Plaintiff, through Class Counsel, shall submit this Agreement, together with its Exhibits, to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement, certification of the Settlement Class, appointment of Class Counsel and the Class Representative, and entry of the Preliminary Approval Order, substantially in the form of **Exhibit B**, which order shall seek a Final Approval Hearing date and approve the Notices and Claim Form for dissemination in accordance with the applicable notice provisions of this Agreement.

6.3    At the time of the submission of this Settlement Agreement to the Court as described above, the Parties shall request that the Court hold a Final Approval Hearing approximately ninety (90) days after entry of the Preliminary Approval Order and approve the Settlement of the Litigation as set forth herein.

6.4    At least ten (10) days prior to the Final Approval Hearing, or by some other date if so directed by the Court, Plaintiff will move for: (i) final approval of the Settlement; (ii) final appointment of the Class Representative and Class Counsel; and (iii) final certification of the Settlement Class, including for the entry of a Final Order and Judgment, and file a memorandum in support of the motion for final approval.

7.    **NOTICE TO PROPOSED SETTLEMENT CLASS MEMBERS**

7.1    **Class List**

(a)    Defendant shall create a class list, in electronic form, based on readily available information already within its possession ("Class List").  Defendant shall provide the Class List only to the Settlement Administrator within seven (7) days of entry of the Preliminary Approval Order.

(b)    The Class List shall include the names and last known mailing addresses and Social Security numbers for each Settlement Class member to the extent available. The Settlement Administrator will update the Class List using the U.S. Postal Service's database of verifiable mailing addresses and the National Change-of-Address database. Defendant shall provide the Class List to the Settlement Administrator and Class Counsel within seven (7) days after entry of the Preliminary Approval Order.  The Settlement Administrator will execute an agreement with Defendant, providing written assurances that

Social Security numbers for each Settlement Class member shall be securely maintained, used solely for purposes of administering the Settlement, and destroyed after being used for providing notice to each Settlement Class member.

7.2     **Type of Notice Required**

(a)     The Notice, which shall be substantially in the form of **<u>Exhibit A</u>** attached hereto, shall be used for the purpose of informing proposed Settlement Class Members, prior to the Final Approval Hearing, that there is a pending settlement, and to further inform Settlement Class Members how they may: (a) protect their rights regarding the Settlement; (b) request exclusion from the Settlement Class and the proposed Settlement, if desired; (c) object to any aspect of the proposed Settlement, if desired; and (d) participate in the Final Approval Hearing, if desired. The Notice shall make clear the binding effect of the Settlement on all persons who do not timely request exclusion from the Settlement Class.

(b)     Dissemination of the Notice shall be the responsibility of the Settlement Administrator.

(c)     Notice of the settlement shall be sent via U.S. Mail within fourteen (14) calendar days of the entry of the Preliminary Approval Order. For all mailings returned as undeliverable, the Settlement Administrator shall perform a reverse look-up to find updated addresses and will cause the Notice mailing to be re-mailed to those members of the Settlement Class.

7.3     **Allocation**

(a)     Within fourteen (14) days after the Effective Date, the Settlement Administrator shall send a check by First Class U.S. Mail to each Settlement Class Member, including the Named Plaintiff, equal to a pro-rated share of the Settlement Fund, less Administrative Expenses, the Service Award to the Named Plaintiff and the Fee Award to Class Counsel, which is anticipated to be approximately Seven Hundred Fifty Dollars ($750.00).

(b)     Within fourteen (14) days after the Effective Date, the Settlement Administrator shall send the Named Plaintiff a check in the amount of Seven Thousand Five Hundred Dollars ($7,500.00). This amount will be paid to Plaintiff as 1099 income.

(c)     The Settlement Administrator shall notify the Parties that all payments have been issued within five (5) business days of the last such payment. The Settlement Administrator will provide Counsel for the Parties with weekly reports regarding the status of administration of this Settlement.

(d)     Checks to the Settlement Class Members shall remain valid and negotiable for one hundred twenty (120) days from the date of their issuance and shall thereafter automatically be cancelled if not cashed within that time period. Within ninety (90) days of issuance of settlement checks, the Claims Administrator shall provide a list of any

settlement checks that are not cashed/negotiated within seventy-five (75) days of issuance to Counsel for the Parties. Additionally, at the conclusion of the one hundred twenty (120) day period, the Claims Administrator shall provide a list of any settlement checks that are not then cashed/negotiated to counsel for the Parties. Within fourteen (14) days of the expiration of the one hundred twenty (120) day period, the Claims Administrator shall transfer such uncashed funds to the *cy pres* recipient.

(e)     The Settlement Administrator will provide Counsel for the Parties with weekly reports regarding the status of administration of this Settlement Agreement, including, without limitation, the portion of the Settlement Fund that has not been cashed within one hundred twenty (120) days following the date such check was originally issued.

## 8.   **EXCLUSIONS**

### 8.1   **Exclusion Period**

Settlement Class Members will have up to the Objection/Exclusion Deadline, or 45 days from issuance of the Settlement Notice, to exclude themselves from the Settlement in accordance with this Section. If the Settlement is finally approved by the Court, all Settlement Class Members who have not opted out by the end of the Objection/Exclusion Deadline will be bound by the Settlement and will be deemed a Releasing Party as defined herein, and the relief provided by the Settlement will be their sole and exclusive remedy for any and all Released Claims.

### 8.2   **Exclusion Process**

(a)     A member of the Settlement Class may request to be excluded from the Settlement Class in writing by a request postmarked on or before the Objection/Exclusion Deadline.

(b)     In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name, address, telephone number, and email address; the case name and number of this Litigation, a statement that he/she wishes to be excluded from the Settlement Class; and his/her signature. A request to be excluded that is sent to an address other than that designated in the Class Notice, or that is not postmarked within the time specified, shall be invalid and the person serving such a request shall be considered a member of the Settlement Class and shall be bound as Settlement Class Members by the Agreement, if approved.

(c)     Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by the Settlement or any order or judgment of the Litigation; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement. A member of the Settlement Class who requests to be excluded from the Settlement Class also cannot object to the Settlement Agreement.  Any member of the Settlement Class who attempts to both object to and exclude themselves from this Settlement Agreement will be

DocuSign Envelope ID: 0CAAF86C-CA88-47A9-A1ED-2E58B12BC5F8

deemed to have excluded themselves and will forfeit the right to object to the Settlement or any of its terms.

(d)     The request for exclusion must be personally signed by the person requesting exclusion. So-called "mass" or "class" exclusion requests shall not be allowed.

8.3     Within three (3) business days after the Objection/Exclusion Deadline, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel a written list reflecting all timely and valid exclusions from the Settlement Class.

## 9.    **OBJECTIONS**

9.1     The Notice shall advise Settlement Class Members of their rights, including the right to be excluded from or object to the Settlement Agreement and its terms. The Notice shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court, the person making an objection shall file notice of his/her intention to do so and at the same time: (i) file copies of such papers he/she proposes to submit at the Final Approval Hearing with the Clerk of the Court; and (ii) send copies of such papers via United States mail, hand delivery, or overnight delivery to Class Counsel and Defendant's. A copy of the objection must also be mailed to the Settlement Administrator at the address that the Settlement Administrator will establish to receive requests for exclusion or objections.

9.2     Any Settlement Class Member who intends to object to this Settlement must include in any such objection: (i) his/her full name, address, email address, and current telephone number; (ii) the case name and number of the Litigation; (iii) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (iv) the identification of any other objections he/she has filed, or has had filed on his/her behalf, in any other class action cases in the last four years; and (v) the objector's signature. If represented by counsel, the objecting Settlement Class Member must also provide the name and telephone number of his/her counsel. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he/she must state as such in the written objection, and must also identify any witnesses he/she may call to testify at the Final Approval Hearing and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

9.3     Any Settlement Class Member who fails to timely file and serve a written objection and notice of intent to appear at the Final Approval Hearing pursuant to this Agreement, shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

9.4     Settlement Class Members cannot both object to and exclude themselves from this Settlement Agreement. Any Settlement Class Member who attempts to both object to and exclude

themselves from this Settlement Agreement will be deemed to have excluded themselves and will forfeit the right to object to this Settlement Agreement or any of its terms.

## 10.    FINAL APPROVAL HEARING

The Parties will jointly request that the Court hold a Final Approval Hearing approximately ninety (90) days after entry of the Preliminary Approval Order. At the Final Approval Hearing, the Parties will request that the Court consider whether the Settlement Class should be certified as a class pursuant to Federal Rule of Civil Procedure 23 for settlement and, if so, (i) consider any properly-filed objections, (ii) determine whether the Settlement is fair, reasonable and adequate, was entered into in good faith and without collusion, and should be approved, and shall provide findings in connections therewith, and (iii) enter the Final Approval Order, including final approval of the Settlement Agreement, and a Fee Award.

## 11.    FINAL APPROVAL ORDER

11.1    The Parties shall jointly seek entry of a Final Approval Order, the text of which the Parties shall agree upon. The dismissal orders, motions or stipulation to implement this Section shall, among other things, seek or provide for a dismissal with prejudice and waiver of any rights of appeal.

11.2    The Parties shall jointly submit to the Court a proposed Final Approval Order that, without limitation:

(a)    Approves finally this Agreement and its terms as fair, reasonable and adequate as to, and in the best interest of, the Settlement Class Members; makes a finding that the Agreement was entered into in good faith, and direct the Parties and their counsel to implement and consummate the Settlement according to its terms and conditions;

(b)    Dismisses, with prejudice, all claims of the Settlement Class against Defendant in the Litigation, without costs and fees except as explicitly provided for in this Agreement; and

(c)    Reserves continuing and exclusive jurisdiction over the Settlement and this Agreement, including but not limited to the Litigation, the Settlement Class, the Settlement Class Members, Defendant, and the Settlement for the purposes of administering, consummating, supervising, construing and enforcing the Settlement Agreement and the Settlement Fund.

11.3    Class Counsel shall use their best efforts to assist Defendant in obtaining dismissal with prejudice of the Litigation and take all steps necessary and appropriate to otherwise effectuate all aspects of this Agreement.

## 12.    TERMINATION OF THE SETTLEMENT

12.1     The Settlement is conditioned upon preliminary and final approval of the Parties' written Settlement Agreement, and all terms and conditions thereof without material change, material amendments, or material modifications by the Court (except to the extent such changes, amendments or modifications are agreed to in writing between the Parties). All Exhibits attached hereto are incorporated into this Settlement Agreement. Accordingly, either Party may elect to terminate and cancel this Settlement Agreement within ten (10) days of any of the following events:

(a)     This Settlement Agreement is changed in any material respect to which the Parties have not agreed in writing;

(b)     The Court refuses to grant Preliminary Approval of this Agreement in any material respect;

(c)     The Court refuses to grant final approval of this Agreement in any material respect;

(d)     The Court refuses to enter a final judgment in this Litigation in any material respect; or

(e)     The Court's order granting preliminary or final approval is substantially modified or reversed.

12.2     In the event the Settlement Agreement is not approved or does not become final, or is terminated consistent with the provisions herein, the Litigation will return to the *status quo ante* as if no settlement had been negotiated or entered into.

## 13.     <u>ATTORNEYS' FEES, COSTS AND EXPENSES AND SERVICE AWARD</u>

13.1     Class Counsel's attorneys' fees were negotiated separate and apart from Plaintiff's and Settlement Class Members' BIPA claims.

13.2     At least ten (10) days prior to the Final Approval Hearing, Class Counsel will file, and Defendant will not oppose, a Fee Petition that seeks a Fee Award not to exceed 35% of the Gross Settlement Fund, or $104,400.00, as payment for attorneys' fees, as well as reimbursement of out-of-pocket costs in the amount of $2,100.00.

13.3     Payment of the Fee Award shall be made from the Gross Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the Settlement Fund and be distributed to Settlement Class Members as part of their Approved Claims.

13.4     Notwithstanding any contrary provision of this Agreement, the Court's consideration of the Fee Award is to be conducted separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement, and any award made by the Court with respect to Class Counsel's attorneys' fees or expenses, or any proceedings incident

thereto, including any appeal thereof, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

13.5    Prior to or at the same time as Plaintiff seeks final approval of the Settlement Agreement, Class Counsel shall move the Court for a Service Award for the Class Representative in an amount not to exceed $7,500.00 (Seven Thousand Five Hundred Dollars), and Defendant agrees that it will not oppose such a request. The Service Award shall be paid solely from the Settlement Fund by check written by the Settlement Administrator within seven (7) days of the Effective Date.

13.6    Class Counsel shall provide the Settlement Administrator with its completed W-9 form before the payment of the Fee Award is due. Within seven (7) days of the Effective Date, the Settlement Administrator shall pay to Class Counsel from the Settlement Fund the amount awarded by the Court in the Fee Award. The Fee Award shall be paid solely from the Settlement Fund via electronic wire transfer to an account designated by Class Counsel.

13.7    In no event will Defendant's liability for attorneys' fees, expenses, and costs, Administration Expenses, and/or a Service Award exceed their funding obligations set out in this Agreement. Defendant shall have no financial responsibility for this Settlement Agreement outside of the Settlement Fund. Defendant shall have no further obligation for attorneys' fees or expenses to any counsel representing or working on behalf of either one or more individual Settlement Class Members or the Settlement Class. Defendant will have no responsibility, obligation, or liability for allocation of the Fee Award, Administrative Expenses, the Incentive Award, or any other costs, fees, and/or expenses among Class Counsel, Plaintiff, and/or Class Members except for payment of the Settlement Fund.

## 14.    **MISCELLANEOUS REPRESENTATIONS**

14.1    The Parties agree that the Settlement Agreement provides fair, equitable and just compensation, for Plaintiff and Settlement Class Members related to the Released Claims.

14.2    The Parties agree that this Settlement Agreement does not give rise to any admission of liability or wrongdoing, and that this Settlement Agreement may not be construed in whole or in part as an admission of fault by Defendant or any of the Released Parties.

14.3    The Parties (i) acknowledge that it is their intent to consummate this Settlement Agreement, and (ii) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Defendant's Counsel agree to cooperate with each other in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Approval Order, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

14.4    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement

DocuSign Envelope ID: 0CAAF86C-CA88-47A9-A1ED-2E58B12BC5F8

Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Litigation was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

14.5     Nothing express or implied in this Agreement is intended or shall be construed to confer upon or give any person or entity other than the Parties, Released Parties, and Settlement Class Members any right or remedy under or by reason of this Agreement. Each of the Released Parties is an intended third-party beneficiary of this Agreement with respect to the Released Claims and shall have the right and power to enforce the release of the Released Claims in his, her or its favor against all Releasing Parties.

14.6     The Parties have relied upon the advice and representation of counsel, selected by themselves, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully this Settlement Agreement, including its Exhibits, and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by this Settlement.

14.7     Any headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

14.8     The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any prior or subsequent breach of this Agreement.

14.9     This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

14.10   This Agreement may not be amended, modified, altered, or otherwise changed in any manner except by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

14.11   The Parties agree that **Exhibits A-B** to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

14.12   The Parties may agree, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of the Agreement.

14.13   Except as otherwise provided herein, each Party shall bear its own costs.

14.14   Plaintiff represents and warrants that she has not assigned any claim or right or interest therein as against the Released Parties to any other person or party.

DocuSign Envelope ID: 0CAAF86C-CA88-47A9-A1ED-2E58B12BC5F8

14.15   The Parties represent that they have obtained the requisite authority to enter this Settlement Agreement in a manner that binds all Parties to its terms.

14.16   The Parties specifically acknowledge, agree and admit that this Settlement Agreement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders or other documents shall be considered a compromise within the meaning of Federal Rule of Evidence 408, and any other equivalent or similar rule of evidence, and shall not (1) constitute, be construed, be offered, or received into evidence for any purpose, including, without limitation, as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Litigation or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, or (2) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

14.17   The Parties also agree that this Settlement Agreement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders or other documents entered in furtherance of this Settlement Agreement, and any acts in the performance of this Settlement Agreement are not intended to establish grounds for certification of any class involving any Settlement Class Member other than for certification of the Settlement Class for settlement purposes.

14.18   This Settlement Agreement, whether approved or not approved, revoked, or made ineffective for any reason, and any proceedings related to this Settlement Agreement and any discussions relating thereto, shall be inadmissible for any purposes, including, without limitation, as evidence of any liability or wrongdoing whatsoever and shall not be offered as evidence of any liability or wrongdoing in any court or other tribunal in any state, territory, or jurisdiction, or in any manner whatsoever. Further, neither this Settlement Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession or presumption that class certification is appropriate, except to the extent necessary to consummate this Agreement and the binding effect of the Final Order and Judgment.

14.19   The provisions of this Settlement Agreement, and any orders, pleadings or other documents entered in furtherance of this Settlement Agreement, may be offered or received in evidence solely (1) to enforce the terms and provisions hereof or thereof, (2) as may be specifically authorized by a court of competent jurisdiction after an adversary hearing upon application of a Party hereto, (3) in order to establish payment, or an affirmative defense of preclusion or bar in a subsequent case, (4) in connection with any motion to enjoin, stay or dismiss any other action, and/or (5) to obtain Court approval of the Settlement Agreement.

14.20   Except as provided herein, there shall be no comments made to the press or any third party, or any other disclosure by or through the Parties or their attorneys or agents, comprising opinions as to the Litigation. Plaintiff and Class Counsel shall not make any public statement, including any statement to the press or on any press website, regarding the Settlement Agreement or settlement aside from the following agreed upon statement: "[The Parties] have reached a proposed agreement and look forward to the Court's review and decision" or words to that effect. Defendant and Defendant's Counsel shall not make any public statement, including any statement

to the press, regarding the Settlement Agreement or settlement. This paragraph shall not be construed to limit or impede the notice requirements of Section 7 above; nor shall this paragraph be construed to prevent Class Counsel or Defendant's Counsel from notifying or explaining to potential Settlement Class Members or others that this case has settled and how to obtain settlement benefits; nor shall this paragraph limit the representations that the Parties or Counsel for the Parties may make to the Court to assist in its evaluation of the proposed settlement; nor shall this paragraph limit Defendant's ability to discuss in a confidential manner the terms of this settlement with its clients and business partners; nor shall this paragraph limit Plaintiff's ability to discuss the terms of this settlement with immediate family members, lawyers or tax advisors. If a Party is required by a valid, enforceable subpoena or government information request to disclose information about the settlement, such Party shall provide reasonable prior notice (to the extent permitted by applicable law) to the other Party to allow the other Party to seek to prevent such disclosure. A Party may also provide necessary and accurate information about the settlement to its shareholders and other persons or entities as required by securities laws or other applicable laws or regulations.

14.21   This Agreement may be executed in one or more counterparts exchanged by hand, messenger, or PDF as an electronic mail attachment, and any such signature exchanged, including electronic signatures via DocuSign, shall be deemed an original signature for purposes of this Settlement Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the Parties to this Agreement all exchange signed counterparts.

14.22   This Agreement shall be binding upon, and insure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

14.23   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and the Parties hereby submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

14.24   All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the laws of the State of Illinois, without giving effect to any conflict of law or choice of law principles.

14.25   This Agreement is deemed to have been prepared by counsel for all Parties as a result of arms-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement and its Exhibits, it shall not be construed more strictly against one Party than another.

14.26   Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and shall be sent by electronic mail or hand delivery, postage prepaid, as follows:

| If to Class Counsel: | If to Defendant's Counsel: |
|---|---|
| Catherine T Mitchell | Elizabeth B. Herrington |
| Stephan Zouras, LLP | Morgan, Lewis & Bockius, LLP |
| 100 N. Riverside Plaza, Suite 2150 | 110 N. Wacker Drive, Suite 2800 |
| Chicago, IL 60606 | Chicago, IL 60606 |
| cmitchell@stephanzouras.com | beth.herrington@morganlewis.com |

14.27   This Agreement shall be deemed executed as of the date that the last party signatory signs the Agreement.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS HEREOF, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

**LISA PEATRY, individually and as a Class Representative**

Signature: _Lisa Peatry_
18FE0666EA764C8...

Date: 9/20/2021

**STEPHAN ZOURAS, LLP, as Class Counsel**

Signature: _Catherine T. Mitchell_
3ED14B3BAADE4E0...

Print Name: Catherine T. Mitchell

Date: 9/20/2021

**BIMBO BAKERIES USA, INC.**

Signature: _____

Print Name: _____

Date: _____

**MORGAN, LEWIS & BOCKIUS LLP, as Defendant's Counsel**

Signature: _____

Print Name: _____

Date: _____

IN WITNESS HEREOF, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

**LISA PEATRY, individually and as a Class Representative**

Signature: _____

Date: _____

**STEPHAN ZOURAS, LLP, as Class Counsel**

Signature: _____

Print Name: _____

Date: _____

**BIMBO BAKERIES USA, INC.**

Signature: *John Douglas*

Print Name: John Douglas

Date: 9/20/2021

**MORGAN, LEWIS & BOCKIUS LLP, as Defendant's Counsel**

Signature: _____

Print Name: _____

Date: _____

IN WITNESS HEREOF, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

**LISA PEATRY, individually and as a Class Representative**

Signature: _____

Date: _____

**STEPHAN ZOURAS, LLP, as Class Counsel**

Signature: _____

Print Name: _____

Date: _____

**BIMBO BAKERIES USA, INC.**

Signature: _____

Print Name: _____

Date: _____

**MORGAN, LEWIS & BOCKIUS LLP, as Defendant's Counsel**

Signature: _Beth Herrington_____

Print Name:  Elizabeth Herrington_____

Date:  September 20, 2021_____

# EXHIBIT A

## <u>NOTICE OF PROPOSED CLASS ACTION SETTLEMENT</u>

*Peatry v. Bimbo Bakeries USA, Inc.,* No. 1:19-cv-02942 (N.D. Ill.)

**PLEASE READ THIS NOTICE CAREFULLY. YOU ARE ENTITLED TO A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT IF YOU SCANNED YOUR FINGER FOR TIMEKEEPING PURPOSES WHILE EMPLOYED BY FOR BIMBO BAKERIES, USA, INC. AT ITS CICERO, ILLINOIS FACILITY BETWEEN FEBRUARY 9, 2018 AND MAY 8, 2018.**

*This is a court-authorized notice of a proposed class action settlement. This is not a solicitation from a lawyer and is <u>not</u> notice of a lawsuit against you.*

**WHY DID I GET THIS NOTICE?**

This is a court authorized notice of a proposed settlement in a class action lawsuit: *Peatry v. Bimbo Bakeries USA, Inc.*, Case No. 1:19-cv-02942, pending in the United States District Court for the Northern District of Illinois before the Hon. Sara L. Ellis. The Settlement would resolve a lawsuit brought on behalf of persons who allege that Bimbo Bakeries USA, Inc. ("Defendant") required employees at its Cicero, Illinois facility to provide a scan of their finger for timekeeping purposes without first providing them with legally-required written disclosures and obtaining written consent. If you received this notice, you have been identified as a Bimbo Bakeries USA, Inc. employee who may have scanned your finger using a biometric timekeeping system at Defendant's Cicero, Illinois facility between February 9, 2018 and May 8, 2018 without first signing a written release authorizing the collection of your finger scan information. The Court has granted preliminary approval of the Settlement and has conditionally certified the Settlement Class for purposes of settlement only. This notice explains the nature of the class action lawsuit, the terms of the Settlement, and the legal rights and obligations of the Settlement Class Members. Please read the instructions and explanations below so that you can better understand your legal rights.

**WHAT IS THIS LAWSUIT ABOUT?**

The Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.,* prohibits private companies from capturing, obtaining, storing, transferring, and/or using the biometric identifiers and/or biometric information, such as fingerprints, of another individual for any purpose, including timekeeping, without first providing such individual with certain written disclosures and obtaining written consent. This lawsuit alleges that Defendant violated BIPA by requiring employees at its Cicero, Illinois facility to provide a scan of their finger for timekeeping purposes without first providing the required disclosures or obtaining the required consent. Defendant contests these claims and denies that it violated BIPA.

**WHY IS THERE A SETTLEMENT?**

To resolve this matter without the expense, delay, and uncertainties of litigation, the Parties have reached a Settlement, which resolves all claims against Defendant and the Released Parties. The

Settlement requires Defendant to pay money to the Settlement Class, as well as pay settlement Administration Expenses, attorneys' fees and costs to Class Counsel, and a Service Award to the Class Representative, if approved by the Court. The Settlement is not an admission of wrongdoing by Defendant and does not imply that there has been, or would be, any finding that Defendant violated the law.

The Court has already preliminarily approved the Settlement. Nevertheless, because the settlement of a class action determines the rights of all members of the class, the Court overseeing this lawsuit must give final approval to the Settlement before it can be effective. The Court has conditionally certified the Settlement Class for settlement purposes only, so that members of the Settlement Class can be given this notice and the opportunity to receive the relief offered by the Settlement, or exclude themselves from the Settlement Class if they so choose. If the Court does not give Final Approval of the Settlement, or if it is terminated by the Parties, the Settlement will be void, and the lawsuit will proceed as if there had been no settlement and no certification of the Settlement Class.

## WHO IS IN THE SETTLEMENT CLASS?

You are a member of the Settlement Class if, at any time between February 9, 2018 and May 8, 2018 you were employed by Defendant at its Cicero, Illinois facility and were required by Defendant to scan your finger for timekeeping purposes.

## WHAT ARE MY OPTIONS?

### (1) Do Nothing.

To accept the Settlement, you do not have to do anything. You will receive a settlement check via First Class U.S. Mail following final approval of the settlement.

### (2) Exclude yourself.

You may exclude yourself from the Settlement. If you do so, you will not receive any cash payment, but you will not release any claims you may have against Defendant and the Released Parties (as that term is defined in the Settlement Agreement) and are free to pursue whatever legal rights you may have by pursuing your own lawsuit against Defendant and the Released Parties at your own risk and expense. To exclude yourself from the Settlement, you must mail a signed letter to the Settlement Administrator at [ADDRESS], postmarked by XX, XX, 2021.

The exclusion letter must state that you exclude yourself from this settlement and must include the name and case number of this Litigation, as well as your full name, address, telephone number, and email address, and a statement that you wish to be excluded from the Settlement Agreement.

### (3) Object to the Settlement.

If you wish to object to the Settlement, you must submit your objection in writing to the Clerk of the Court of the United States District Court for the Northern District of Illinois, Dirksen U.S.

By order of District Judge Sara L. Ellis, United States District Court for the Northern District of Illinois
Page 2 of 5

Courthouse, 219 S. Dearborn Street, Chicago, IL 60604.  The objection must be received by the Court no later than **XX, XX, 2021.**  You must also send a copy of your objection to the attorneys for all Parties to the lawsuit, including Class Counsel (Catherine T. Mitchell of Stephan Zouras, LLP, 100 N. Riverside Plaza, Suite 2150, Chicago, IL 60606), as well as Defendant's counsel (Elizabeth Herrington of Morgan, Lewis & Bockius LLP, 110 N. Wacker Drive, Suite 2800, Chicago, IL 60606) postmarked no later than **XX, XX, 2021.**  Any objection to the proposed Settlement must include your (i) full name, address, telephone number, and email address; (ii) the case name and number of this Litigation; (iii) the date range during which you worked at Defendant's Cicero, Illinois facility; (iv) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (v) the identification of any other objections you have filed, or have had filed on your behalf, in any other class action cases in the last four years; and (vi) your signature.  If you hire an attorney in connection with making an objection, that attorney must also file with the court a notice of appearance by the objection deadline of **XX, XX, 2021**.  If you do hire your own attorney, you will be solely responsible for payment of any fees and expenses the attorney incurs on your behalf. If you exclude yourself from the Settlement, you cannot file an objection.

You may appear at the Final Approval Hearing, which will be held on **XX XX, 2021 at a.m./p.m.,** via Zoom or in Courtroom 1403 of the United States District Court for the Northern District of Illinois, Dirksen U.S. Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate.  Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the Final Approval of the Settlement, the request for attorneys' fees and expenses, and/or the request for a Service Award to the Class Representative are required to indicate in their written objection their intention to appear at the hearing on their own behalf or through counsel and to identify the names of any witnesses they intend to call to testify at the Final Approval Hearing, as well as any exhibits they intend to introduce at the Final Approval Hearing.

## WHAT DOES THE SETTLEMENT PROVIDE?

Defendant has agreed to create a $295,000.00 Settlement Fund for the Class Members.  All Settlement Class Members are entitled to receive a pro-rated cash payment out of the Settlement Fund.  If the Settlement is approved, each Settlement Class Member will receive a check equal to a pro-rated share of the Settlement Fund, less Administrative Expenses, the Service Award to the Named Plaintiff and the Fee Award to Class Counsel, which is anticipated to be approximately $750.00.  The Settlement Administrator will issue a check to each Class Member following Final Approval of the Settlement.  All checks issued to Settlement Class Members will expire and become void 120 days after they are issued.  Additionally, the attorneys who brought this lawsuit (listed below) will ask the Court to award them attorneys' fees in the amount of $104,400.00, plus reasonable out-of-pocket costs not to exceed $2,100.00, to be paid from the Settlement Fund, for the substantial time, expense and effort spent investigating the facts, litigating the case and negotiating the Settlement.  The Class Representative also will ask the Court for a service payment not to exceed $7,500.00 for her time, effort, and service in this matter.

By order of District Judge Sara L. Ellis, United States District Court for the Northern District of Illinois
Page 3 of 5

**WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?**

Unless you exclude yourself from this Settlement, you will be considered a member of the Settlement Class, which means you give up your right to file or continue a lawsuit against Defendant relating to the use of workers' biometric identifiers and/or biometric information for timekeeping purposes from February 9, 2018 to May 8, 2018 at Defendant's Cicero, Illinois facility. Giving up your legal claims is called a release. The precise terms of the release are in the Settlement Agreement, a copy of which you may request from Class Counsel, the attorneys listed below who have been appointed by the Court to represent the Settlement Class. Unless you formally exclude yourself from this Settlement, you will release your claims.

**WHEN WILL I BE PAID?**

The Parties cannot predict exactly when (or whether) the Court will give Final Approval of the Settlement, so please be patient. However, if the Court finally approves the Settlement, checks will go out fourteen (14) days after the court order becomes final.. If there is an appeal of the Settlement, payment may be delayed.

**WHEN WILL THE COURT RULE ON THE SETTLEMENT?**

The Court has already given preliminary approval to the Settlement. A final hearing on the Settlement, called a Final Approval Hearing, will be held to determine the fairness of the Settlement. At the Final Approval Hearing, the Court will also consider whether to make final the certification of the Class for settlement purposes, hear any proper objections and arguments to the Settlement, as well as any requests for an award of attorneys' fees, costs, and expenses and Class Representative Incentive Award that may be sought by Class Counsel. The Court will hold the Final Approval Hearing on **XX, XX, 2021 at XX am/pm** via Zoom or in Courtroom 1403 of the United States District Court for the Northern District of Illinois, Dirksen U.S. Courthouse, 219 S. Dearborn Street, Chicago, IL 60604. The Court may reschedule the Final Approval Hearing at its discretion and without notifying Settlement Class Members.

If the Settlement is given final approval, the Settlement's terms will take effect and the lawsuit will be dismissed on the merits with prejudice. Both sides have agreed to the Settlement in order to achieve an early and certain resolution to the lawsuit, in a manner that provides specific and valuable benefits to the members of the Settlement Class. If the Court does not approve the Settlement, if it approves the Settlement and the approval is reversed on appeal, or if the Settlement does not become final for some other reason, you will not be paid at this time and Class Members will receive no benefits from the Settlement Fund. Plaintiff, Defendant, and all of the Class Members will be in the same position as they were prior to the execution of the Settlement, and the Settlement will have no legal effect, no class will remain certified (conditionally or otherwise), and Plaintiff and Defendant will continue to litigate the lawsuit. If the Settlement is not approved, there can be no assurance that the Settlement Class will recover more than is provided in the Settlement, or indeed, anything at all.

By order of District Judge Sara L. Ellis, United States District Court for the Northern District of Illinois
Page 4 of 5

**WHO REPRESENTS THE CLASS?**

The Court has approved the following attorneys to represent the Settlement Class. They are called "Class Counsel." You will not be charged for these lawyers because they are being paid out of the Settlement Fund. If you want to be represented by your own lawyer instead, you may hire one at your own expense.

> Ryan F. Stephan
> Catherine T. Mitchell
> STEPHAN ZOURAS, LLP
> 100 N. Riverside Plaza, Suite 2150
> Chicago, IL 60606
> (312) 233-1550
> rstephan@stephanzouras.com
> cmitchell@stephanzouras.com

**WHERE CAN I GET ADDITIONAL INFORMATION?**

This Notice is only a summary of the proposed Settlement of this lawsuit. More details are in the Settlement Agreement which, along with other documents, can be obtained from Class Counsel at the number or email addresses set forth above. All pleadings and documents filed in court may be reviewed or copied in the Office of the Clerk. **Please do not call the Judge or the Clerk of the Court about this case.** They will not be able to give you advice on your options.

By order of District Judge Sara L. Ellis, United States District Court for the Northern District of Illinois
Page 5 of 5

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LISA PEATRY, individually and on behalf of all others similarly situated, | Case No. 1:19-cv-02942 |
| Plaintiff, | Honorable Sara L. Ellis |
| v. | |
| BIMBO BAKERIES USA, INC., | |
| Defendant. | |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

On September 20, 2021, Plaintiff Lisa Peatry filed an Unopposed Motion in Support of Preliminary Approval of Class Action Settlement (the "Motion") (ECF No. __). The Court has considered the Motion, the Class Action Settlement Agreement between Plaintiff Lisa Peatry and Defendant Bimbo Bakeries USA, Inc. ("Settlement Agreement") (ECF No. __), and all exhibits and attachments and hereby finds and orders as follows:

1. The Court finds on a preliminary basis that the settlement memorialized in the Settlement Agreement filed with the Court is within the range of reasonableness and, therefore, meets the requirements for preliminary approval.[1]

2. The Court finds, for settlement purposes only, the requirements of Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) are satisfied, with the exception of the manageability requirement of Rule 23(b)(3) that the Court need not address for purposes of settlement.

---

[1] Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

3.     The Court conditionally certifies, for settlement purposes only, the following

Settlement Class consisting of:

> All individuals employed by BBUSA who allegedly had their finger scan data
> and/or any other biometric identifier and/or information collected, captured,
> received, stored or otherwise obtained, retained, disseminated, or disclosed by
> Defendant while working at its Cicero, Illinois facility at any time between
> February 9, 2018 and May 8, 2018.

4.     For settlement purposes only, Plaintiff Lisa Peatry is appointed as Class

Representative.

5.     For settlement purposes only, the following counsel are appointed as Class

Counsel:

Ryan F. Stephan
Catherine T. Mitchell
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, IL 60606

6.     7. The Court recognizes that, pursuant to the Settlement Agreement, Defendant

retains all rights to object to the propriety of class certification in the Litigation in all other contexts

and for all other purposes should the Settlement not be finally approved.  Therefore, as more fully

set forth below, if the Settlement is not finally approved, and the Litigation resumes, this Court's

preliminary findings regarding the propriety of class certification shall be of no further force or

effect whatsoever, and this Order will be vacated in its entirety.

7.     The Court approves, in form and content, the proposed Notice of Class Action

Settlement, attached to the Settlement Agreement as Exhibit A.

8.     The Court finds that the planned notice set forth in the Settlement Agreement

constitutes the best notice practicable under the circumstances, where Class Members' identities

are contained in Defendant's records and may be readily ascertained, satisfying fully the

requirements of Due Process, and any other applicable law, such that the Settlement Agreement

and Final Approval Order will be binding on all Settlement Class Members. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this action. The Parties, by agreement, may revise the Notice in ways that are not material, or in way that is appropriate to update those documents for purposes of accuracy or formatting for publication.

9.     Analytics Consulting, LLC is hereby appointed Settlement Administrator to supervise and administer the notice process, as well as to oversee the administration of the Settlement, as more fully set forth in the Settlement Agreement.

10.     The Settlement Administrator may proceed with the distribution of Notice as set forth in the Settlement Agreement.

11.     Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including with respect to Released Claims as set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated other litigation or proceedings against Defendants or the Released Parties relating to the claims released under the terms of the Settlement Agreement.

12.     Any Person within the Settlement Class may request exclusion from the Settlement Class by expressly stating his/her request in a written exclusion request. Such exclusion requests must be received by the Settlement Administrator at the address specified in the Notice in written form, by first class mail, postage prepaid, and postmarked, no later than the Objection/Exclusion Deadline: _____, 2021.

13.     In order to exercise the right to be excluded, a person within the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, a signature, the name and number of the Litigation, and a statement that he or she wishes to be excluded from the Settlement Class.  Any request for exclusion submitted via first class mail must be personally signed by the person requesting exclusion.  No person within the Settlement Class, or any person acting on behalf of, in concert with, or in participation with that person within the Settlement Class, may request exclusion from the Settlement Class of any other person within the Settlement Class.

14.     Any person in the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Approval Order; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement.

15.     Class Counsel may file any motion seeking an award of attorneys' fees, costs and expenses, as well a Service Award for the Class Representative, in accordance with the terms of the Settlement Agreement, within 10 days of the Final Approval Hearing.

16.     Any Settlement Class Member who has not requested exclusion from the Settlement Class and who wishes to object to any aspect of the Settlement Agreement, including the amount of the attorneys' fees, costs, and expenses that Class Counsel intends to seek and the payment of the Service Award to the Class Representative, may do so, either personally or through an attorney, by filing a written objection, together with the supporting documentation set forth below in Paragraph 17 of this Order, with the Clerk of the Court, and served upon Class Counsel, Defendant's Counsel, and the Settlement Administrator no later than _____, 2021.

Addresses for Class Counsel, Defendant's Counsel, the Settlement Administrator, and the Clerk of Court are as follows:

**Class Counsel:**

Catherine Mitchell
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, IL 60606

**Defendant's Counsel:**

Elizabeth Herrington
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606

**Settlement Administrator:**

Analytics Consulting, LLC
[Placeholder]

**Clerk of Court:**

Thomas G. Burton, Clerk of Court
Dirksen U.S. Courthouse
219 S. Dearborn Street
Chicago, IL 60604

17.     Any Settlement Class Member who has not requested exclusion and who intends to object to the Settlement must state, in writing, all objections and the basis for any such objection(s), and must also state in writing: (i) his/her full name, address, telephone number, and email address; (ii) the case name and number of this Litigation; (iii) the date range during which you worked at Defendant's Cicero, Illinois facility; (iv) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (v) the identification of any other objections he/she has filed, or has had filed on his/her behalf, in any other class action cases in the last four years; and (vi) the objector's signature.  Objections not filed and served in accordance with this Order shall not be received or considered by the Court.  Any Settlement Class Member who fails to timely file and serve a written objection in accordance with this Order shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, to the fairness, reasonableness, or adequacy of the Settlement, to the payment of attorneys' fees, costs, and expenses, to the payment of a Service Award, and to the Final Approval Order and the right to appeal same.

18.     A Settlement Class Member who has not requested exclusion from the Settlement Class and who has properly submitted a written objection in compliance with the Settlement Agreement, may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or Class Counsel's Fee Petition and/or the request for a Service Award to the Class Representatives are required to indicate in their written objection their intention to appear at the Final Approval Hearing on their own behalf or through counsel. For any Settlement Class Member who files a timely written objection and who indicates his/her intention to appear at the Final Approval Hearing on their own behalf or through counsel, such Settlement Class Member must also include in his/her written objection the identity of any witnesses he/she may call to testify, and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which shall be attached.

19.     No Settlement Class Member shall be entitled to be heard, and no objection shall be considered, unless the requirements set forth in this Order and in the Settlement Agreement are fully satisfied. Any Settlement Class Member who does not make his or her objection to the Settlement in the manner provided herein, or who does not also timely provide copies to Counsel for the Parties at the addresses set forth herein, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

20.     All papers in support of the Final Approval of the Settlement shall be filed no later than ten (10) days before the Final Approval Hearing.

21.    A hearing (the "Final Approval Hearing") shall be held before the Court on

_____, 2021 at _____ a.m/p.m. via Zoom or in Courtroom 1403 of the Dirksen

U.S. Courthouse, 219 S. Dearborn Street, Chicago, IL 60604 (or at such other time or location as

the Court may without further notice direct) for the following purposes:

        (a)    to determine whether the Settlement is fair, reasonable and adequate, and

        should be approved by the Court;

        (b)    to determine whether the judgment as provided under the Settlement

        Agreement should be entered, including an order prohibiting Settlement Class

        Members from further pursuing Released Claims as set forth in the Settlement

        Agreement;

        (c)    to consider the application for an award of attorneys' fees, costs and

        expenses of Class Counsel;

        (d)    to consider the application for a Service Award to the Class Representative;

        (e)    to consider the distribution of the Settlement Fund pursuant to the

        Settlement Agreement; and

        (f)    to rule upon such other matters as the Court may deem appropriate.

22.    The Final Approval Hearing may be postponed, adjourned, transferred or continued

by order of the Court without further notice to the Settlement Class.  At or following the Final

Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and a

Final Approval Order in accordance with the Settlement Agreement that adjudicates the rights of

all Settlement Class Members.

23.    Settlement Class Members do not need to appear at the Final Approval Hearing or

take any other action to indicate their approval.

24.    All discovery and other proceedings in the Litigation as between Plaintiff and Defendant are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

25.    For clarity, the deadlines set forth above and in the Settlement Agreement are as follows:

Notice to be completed by: _____, 2021

Fee and Expense Application: _____, 2021

Objection/Exclusion Deadline: _____, 2021

Claims Deadline: _____, 2021

Final Approval Submission: _____, 2021

Final Approval Hearing: _____, 2021 at _____

So Ordered.

Dated:                           _____

                                        The Honorable Sara L. Ellis
                                        U.S. District Judge