IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA PEATRY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>    Defendant. | Case No. 1:19-cv-02942<br><br>Honorable Sara L. Ellis |

**PRELIMINARY APPROVAL ORDER**

On September 20, 2021, Plaintiff Lisa Peatry filed an Unopposed Motion in Support of Preliminary Approval of Class Action Settlement (the "Motion") (ECF No. 93). The Court has considered the Motion, the Class Action Settlement Agreement between Plaintiff Lisa Peatry and Defendant Bimbo Bakeries USA, Inc. ("Settlement Agreement") (ECF No. 93-1), and all exhibits and attachments and hereby finds and orders as follows:

    1.    The Court finds on a preliminary basis that the settlement memorialized in the Settlement Agreement filed with the Court is within the range of reasonableness and, therefore, meets the requirements for preliminary approval.[1]

    2.    The Court finds, for settlement purposes only, the requirements of Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) are satisfied, with the exception of the manageability requirement of Rule 23(b)(3) that the Court need not address for purposes of settlement.

---

[1] Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

3. The Court conditionally certifies, for settlement purposes only, the following Settlement Class consisting of:

> All individuals employed by BBUSA who allegedly had their finger scan data and/or any other biometric identifier and/or information collected, captured, received, stored or otherwise obtained, retained, disseminated, or disclosed by Defendant while working at its Cicero, Illinois facility at any time between February 9, 2018 and May 8, 2018.

4. For settlement purposes only, Plaintiff Lisa Peatry is appointed as Class Representative.

5. For settlement purposes only, the following counsel are appointed as Class Counsel:

> Ryan F. Stephan
> Catherine T. Mitchell
> STEPHAN ZOURAS, LLP
> 100 N. Riverside Plaza, Suite 2150
> Chicago, IL 60606

6. The Court recognizes that, pursuant to the Settlement Agreement, Defendant retains all rights to object to the propriety of class certification in the Litigation in all other contexts and for all other purposes should the Settlement not be finally approved. Therefore, as more fully set forth below, if the Settlement is not finally approved, and the Litigation resumes, this Court's preliminary findings regarding the propriety of class certification shall be of no further force or effect whatsoever, and this Order will be vacated in its entirety.

7. The Court approves, in form and content, the proposed Notice of Class Action Settlement, attached to the Settlement Agreement as Exhibit A.

8. The Court finds that the planned notice set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances, where Class Members' identities are contained in Defendant's records and may be readily ascertained, satisfying fully the requirements of Due Process, and any other applicable law, such that the Settlement Agreement

and Final Approval Order will be binding on all Settlement Class Members. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this action. The Parties, by agreement, may revise the Notice in ways that are not material, or in way that is appropriate to update those documents for purposes of accuracy or formatting for publication.

9. Analytics Consulting, LLC is hereby appointed Settlement Administrator to supervise and administer the notice process, as well as to oversee the administration of the Settlement, as more fully set forth in the Settlement Agreement.

10. The Settlement Administrator may proceed with the distribution of Notice as set forth in the Settlement Agreement.

11. Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including with respect to Released Claims as set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated other litigation or proceedings against Defendants or the Released Parties relating to the claims released under the terms of the Settlement Agreement.

12. Any Person within the Settlement Class may request exclusion from the Settlement Class by expressly stating his/her request in a written exclusion request. Such exclusion requests must be received by the Settlement Administrator at the address specified in the Notice in written form, by first class mail, postage prepaid, and postmarked, no later than the Objection/Exclusion Deadline: November 25, 2021.

13. In order to exercise the right to be excluded, a person within the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, a signature, the name and number of the Litigation, and a statement that he or she wishes to be excluded from the Settlement Class. Any request for exclusion submitted via first class mail must be personally signed by the person requesting exclusion. No person within the Settlement Class, or any person acting on behalf of, in concert with, or in participation with that person within the Settlement Class, may request exclusion from the Settlement Class of any other person within the Settlement Class.

14. Any person in the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Approval Order; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement.

15. Class Counsel may file any motion seeking an award of attorneys' fees, costs and expenses, as well a Service Award for the Class Representative, in accordance with the terms of the Settlement Agreement, within 10 days of the Final Approval Hearing.

16. Any Settlement Class Member who has not requested exclusion from the Settlement Class and who wishes to object to any aspect of the Settlement Agreement, including the amount of the attorneys' fees, costs, and expenses that Class Counsel intends to seek and the payment of the Service Award to the Class Representative, may do so, either personally or through an attorney, by filing a written objection, together with the supporting documentation set forth below in Paragraph 17 of this Order, with the Clerk of the Court, and served upon Class Counsel, Defendant's Counsel, and the Settlement Administrator by November 25, 2021. Addresses for

Class Counsel, Defendant's Counsel, the Settlement Administrator, and the Clerk of Court are as follows:

**Class Counsel:**

Catherine Mitchell
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, IL 60606

**Defendant's Counsel:**

Elizabeth Herrington
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606

**Settlement Administrator:**

Analytics Consulting, LLC
[Placeholder]

**Clerk of Court:**

Thomas G. Burton, Clerk of Court
Dirksen U.S. Courthouse
219 S. Dearborn Street
Chicago, IL 60604

17. Any Settlement Class Member who has not requested exclusion and who intends to object to the Settlement must state, in writing, all objections and the basis for any such objection(s), and must also state in writing: (i) his/her full name, address, telephone number, and email address; (ii) the case name and number of this Litigation; (iii) the date range during which you worked at Defendant's Cicero, Illinois facility; (iv) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (v) the identification of any other objections he/she has filed, or has had filed on his/her behalf, in any other class action cases in the last four years; and (vi) the objector's signature. Objections not filed and served in accordance with this Order shall not be received or considered by the Court. Any Settlement Class Member who fails to timely file and serve a written objection in accordance with this Order shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, to the fairness, reasonableness, or adequacy of the Settlement, to the payment of attorneys' fees, costs, and expenses, to the payment of a Service Award, and to the Final Approval Order and the right to appeal same.

18.     A Settlement Class Member who has not requested exclusion from the Settlement Class and who has properly submitted a written objection in compliance with the Settlement Agreement, may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate.  Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or Class Counsel's Fee Petition and/or the request for a Service Award to the Class Representatives are required to indicate in their written objection their intention to appear at the Final Approval Hearing on their own behalf or through counsel.  For any Settlement Class Member who files a timely written objection and who indicates his/her intention to appear at the Final Approval Hearing on their own behalf or through counsel, such Settlement Class Member must also include in his/her written objection the identity of any witnesses he/she may call to testify, and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which shall be attached.

19.     No Settlement Class Member shall be entitled to be heard, and no objection shall be considered, unless the requirements set forth in this Order and in the Settlement Agreement are fully satisfied.  Any Settlement Class Member who does not make his or her objection to the Settlement in the manner provided herein, or who does not also timely provide copies to Counsel for the Parties at the addresses set forth herein, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

20.     All papers in support of the Final Approval of the Settlement shall be filed no later than ten (10) days before the Final Approval Hearing.

21. A hearing (the "Final Approval Hearing") shall be held before the Court on <u>January 11, 2022 at 10:00 a.m</u> in Courtroom 1403 of the Dirksen U.S. Courthouse, 219 S. Dearborn Street, Chicago, IL 60604 (or at such other time or location as the Court may without further notice direct) for the following purposes:

    (a) to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

    (b) to determine whether the judgment as provided under the Settlement Agreement should be entered, including an order prohibiting Settlement Class Members from further pursuing Released Claims as set forth in the Settlement Agreement;

    (c) to consider the application for an award of attorneys' fees, costs and expenses of Class Counsel;

    (d) to consider the application for a Service Award to the Class Representative;

    (e) to consider the distribution of the Settlement Fund pursuant to the Settlement Agreement; and

    (f) to rule upon such other matters as the Court may deem appropriate.

22. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and a Final Approval Order in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

23. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

24. All discovery and other proceedings in the Litigation as between Plaintiff and Defendant are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

25. For clarity, the deadlines set forth above and in the Settlement Agreement are as follows:

Notice to be issued by: October 11, 2021

Fee and Expense Application: December 31, 2021

Objection/Exclusion Deadline: November 25, 2021

Final Approval Submission: December 31, 2021

Final Approval Hearing: January 11, 2022 at 10:00am

So Ordered.

Dated: September 28, 2021

_____
The Honorable Sara L. Ellis
U.S. District Judge