IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA PEATRY, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>*Defendant*. | Case No.: 1:19-CV-02942<br><br>Hon. Sara L. Ellis |

**FINAL APPROVAL ORDER AND JUDGMENT**

This matter coming to be heard on Plaintiff Lisa Peatry's Unopposed Motion and Memorandum in Support of Final Approval of Class Action Settlement (the "Motion") and Class Counsel's Unopposed Petition for Approval of Attorneys' Fees, Costs, and Service Award to the Class Representative ("Petition"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

IT IS HEREBY ORDERED:

1. Unless otherwise noted, all capitalized terms in this Final Approval Order and Judgment (the "Final Approval Order") shall have the same meaning as ascribed to them in the Class Action Settlement Agreement and Release ("Settlement Agreement") between Plaintiff Lisa Peatry ("Plaintiff"), for herself individually and on behalf of the Settlement Class, and Defendant Bimbo Bakeries USA, Inc. ("Defendant" or "BBUSA"). Plaintiff and Defendant are each referred to as a "Party" and are collectively referred to herein as the "Parties."

1

2. This Court has jurisdiction over the subject matter of the Litigation and personal jurisdiction over all parties to the Litigation, including all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated September 28, 2021. At that time, the Court preliminary certified a class of the following individuals:

> All individuals employed by BBUSA who allegedly had their finger scan data and/or any other biometric identifier and/or information collected, captured, received, stored or otherwise obtained, retained, disseminated, or disclosed by Defendant while working at its Cicero, Illinois facility at any time between February 9, 2018 and May 8, 2018.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finally certifies, for settlement purposes only, the Settlement Class.

5. The Court has read and considered the papers filed in support of this Motion for entry of the Final Approval Order, including the Settlement Agreement and Exhibits thereto and supporting declarations.

6. The Court held a Final Approval Hearing on January 11, 2022, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

7. Based on the papers filed with the Court and the presentations made to the Court by the Parties, the Court now gives final approval of the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, was entered into in good faith, and is in the best interests of the Settlement Class in light of the complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages in maintaining the class action through trial and appeal. The complex legal and factual posture of the Litigation, and the fact that the Settlement Agreement is the result of arms-length negotiations between experienced attorneys familiar with

the legal and factual issues of this case, presided over by Magistrate Judge M. David Weisman, further support this finding.

8. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims against the Released Parties. The Court finds that the consideration to be paid to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and affirmative defenses available in the Litigation and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

9. The Court hereby finally approves the Settlement Agreement in the total amount of Two Hundred Ninety-Five Thousand Dollars ($295,000.00), consistent and pursuant to the terms and conditions of the Settlement Agreement.

10. The person listed on Exhibit A to this Order has made a timely and valid request for exclusion and is excluded from the Settlement Class and is not bound by this Final Approval Order.

11. For settlement purposes only, the Court confirms the appointment of Plaintiff Lisa Peatry as Class Representative of the Settlement Class.

12. For settlement purposes only, the Court confirms the appointment of the following counsel as Class Counsel, and finds they are experienced in class litigation and have adequately represented the Settlement Class:

> Ryan F. Stephan
> Catherine T. Mitchell
> **STEPHAN ZOURAS, LLP**
> 100 N. Riverside Plaza, Suite 2150
> Chicago, Illinois 60606
> Tel: 312-233-1550
> rstephan@stephanzouras.com
> cmitchell@stephanzouras.com

13. With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and those common questions predominate over any questions affecting only individual members; (c) the Class Representative and Class Counsel have fairly and adequately protected, and will continue to fairly and adequately protect, the interests of the Settlement Class; and (d) certification of the Settlement Class is an appropriate method for the fair and efficient adjudication of this Litigation.

14. The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances; was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and their rights to object to or exclude themselves from the Settlement Class and to appear at the Final Approval Hearing; was reasonable, and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.

15. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

16. The Court dismisses the Litigation with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

17. Upon the Effective Date, the Releasing Parties shall be deemed to have released, and by operation of the Final Approval Order shall have, fully, finally, and forever released,

acquitted, relinquished and completely discharged any and all Released Claims against the Released Parties, as those terms are defined in the Settlement Agreement.

18. The Court approves payment of attorneys' fees to Class Counsel in the amount of $104,400.00 and costs and expenses in the amount of $2,100.00. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs and expenses, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated in good faith at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Settlement Class Members. Finally, the Court notes that the Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award up to the amount sought, and no Class Members objected to the Settlement or those terms.

19. The Court approves settlement administration expenses in an amount of $4,516.00. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

20. The Court approves a service award in the amount of $7,500.00 (Seven Thousand Five Hundred Dollars) for the Class Representative, and specifically finds such amount to be reasonable in light of the services performed by Plaintiff for the Settlement Class, including taking on the risks of litigation and helping achieve the results to be made available to the Settlement

5

Class, as well as the Class Representative's General Release of Claims. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

21. To the extent a *cy pres* award is made pursuant to the Settlement Agreement, such award will be distributed to Feeding America.

22. Neither this Final Approval Order, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendant or any of the other Released Parties of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims as set forth in the Settlement Agreement. This Final Approval Order is not a finding of the validity or invalidity of any claims in this Litigation or a determination of any wrongdoing by Defendant or any of the other Released Parties. The Final Approval Order approving the Settlement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiff, the Settlement Class Members, or Defendant.

23. Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no reason exists for delay in entering this Final Approval Order. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order.

24. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all Exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Approval Order and do not limit the rights of the Settlement Class Members.

25. Without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction as to all matters relating to administration, consummation,

enforcement and interpretation of the Settlement Agreement and the Final Approval Order, and for any other necessary purpose.

**IT IS SO ORDERED.**

ENTERED: _January 12, 2022___

_____
Hon. Sara L. Ellis
United States District Court Judge
Northern District of Illinois, Eastern Division

## **EXHIBIT A**

**Individuals who have timely submitted a request to be excluded from the Settlement Class:**

1. Dion E. Paige